Vida Maxine HULSE, Appellant,

v.

Ralph HERREN, Respondent.

No. 48643.

Supreme Court of Missouri,

Division No. 2.

May 14, 1962.

A. E. Elliott, Nevada, Mo., for appellant.

Robert E. Seiler, Joplin, for respondent. Seiler, Blanchard & Van Fleet, Joplin, of counsel.

LEEDY, Judge.

Action by Vida Maxine Hulse to recover damages in the sum of $30,000 for personal injuries allegedly sustained by her when the pickup truck she was driving and one owned by defendant (and being driven by his son) collided on the highway. There was a verdict in favor of defendant; judgment went accordingly, and plaintiff has appealed.

·The only point raised on this appeal is that the court erred in giving defendant's instruction "D," which instruction submitted the issue of plaintiff's contributory negligence. The objections to this instruction, as presented to the trial court and saved for review under Rule 79.03, V.A.M. R., did not attack its form, but were directed solely and exclusively against the submissibility of the issue under the evidence in the case. Specifically, the allegations of error thus assigned were: "Said instruction is not supported by any competent evidence in the case," and "The evidence conclusively shows the plaintiff was not guilty of contributory negligence."

The relevant facts are brief, and may be stated as follows: The collision occurred in daylight on U. S. Highway 71 about a mile east of the city limits of Nevada on the morning of Sept. 25, 1959, at a point adjacent to the premises then occupied by plaintiff and her husband and family on the north side of the highway. The highway, blacktop surfaced, runs east and west. There was a gravel driveway running south from the house to the highway. On the morning in question it was raining and the highway was wet and slippery. Both vehicles were westbound. Plaintiff testified that after getting in the pickup truck, she drove down the gravel driveway "and pulled up to the highway and stopped, looked both directions, and then turned and looked back to the east again because you pull into the east traffic. I didn't see anything coming so I pulled out on the highway." She then turned and proceeded west on the north side of the highway at 15 or 20 miles per hour. She had driven "about a block" when she noticed what she thought to be the front end of defendant's truck "was up even with me and then he hit me on the front fender * * * and it knocked me off the highway and knocked the· [left

front] wheel off * * *." Plaintiff further testified that she did not see the defendant's vehicle prior to the time it was alongside hers; nor did she cross the center line of the highway at any time. Plaintiff had her windshield wipers "on," but she did not remember whether the glass in the door was up or down, but in any event it was clean, and not clouded. Other evidence on her part tended to show that the collision was caused by defendant's driver attempting to overtake and pass her vehicle when the highway was not safely clear of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing.

Plaintiff's own evidence further showed that the sight distance east from the driveway was "somewhere between a quarter and a half mile," and photographs in evidence indicate the highway is practically level.

The testimony of the driver of defendant's truck (Noah, aged 16, the son of defendant) was to the effect that he was proceeding west on the right-hand or north half of the highway at about 45 m. p. h., and when he reached a point about six or seven pickup lengths east of plaintiff's driveway, she pulled out of said driveway and onto the highway in front of him. When she did so, he applied his brakes "and it [his pickup] started across the highway," and the collision ensued. For present purposes, it is quite unnecessary to detail defendant's evidence as to the sequence of the action in the interval between the application of the brakes and the collision, it being sufficient to say that such evidence tended to negate any attempt on Noah's part to overtake and pass plaintiff, and also tended to show that the collision resulted from plaintiff's failure to yield the right of way to Noah as he approached the driveway together with erratic action (wholly unexpected and not theretofore experienced) by the brakes on defendant's pickup.

The contributory negligence relied on was based on plaintiff's supposed violation of Section 304.021 (5), RSMo 1959 and V.A.M.S., which provides as follows: "The driver of a vehicle about to enter or cross a highway from an alley or any private road or driveway shall yield the right of way to all vehicles approaching on said road or highway." The challenged instruction, after quoting that section, in substance and effect submitted the hypothesis of plaintiff having entered the highway from a private driveway in front of defendant's truck without yielding the right of way to the truck as it approached on the highway, and that plaintiff should have seen defendant's truck approaching on the highway, and that danger of collision between the two vehicles was reasonably certain unless plaintiff yielded and did not enter upon said highway until after defendant's truck had passed, etc.

We think it plain that under the evidence favorable to defendant's theory of the case, the court was warranted in submitting the issue. It will be recalled plaintiff testified she looked to the east (the direction from which defendant's truck approached) before entering the highway from the private driveway, and saw nothing. If, as defendant's evidence shows, his truck was at that time within six or seven pickup lengths of the driveway, plaintiff would be chargeable with notice of its presence. Indeed, if plaintiff were to concede that (under those conditions of visibility, slipperiness, and elevations of the highway shown by her own evidence) she entered the highway from the private driveway into the pathway of defendant's rapidly approaching truck (45 m. p. h.) at a time when the latter was only six or seven pickup lengths away, we would unhesitatingly declare her guilty of contributory negligence as a matter of law. But it is not so conceded; there was, nevertheless, evidence tending to show each and all of the foregoing elements, and for that reason defendant was entitled to have the question of plaintiff's contributory negligence submitted to and determined by the jury as a fact issue. The judgment is, therefore, affirmed.

All of the Judges concur.