**Walter McDOWELL, Husband of Beatrice McDowell, Deceased, Respondent,**

**v.**

**Terry E. MOHN, Appellant.**

**No. 52926.**

Supreme Court of Missouri, Division No. 2.

April 8, 1968.

Thurman, Nixon, Smith & Howald, Robert Lee Smith, Hillsboro, for respondent.

J. Richard Roberts, Dearing, Richeson, Weier, Roberts & Wegmann, Hillsboro, for appellant.

HENRY J. WESTHUES, Special Commissioner.

Plaintiff, Walter McDowell, filed this suit in the Circuit Court of the City of St. Louis against defendant, Terry E. Mohn, seeking damages for the death of his wife, Beatrice, alleged to have been caused through the negligence of Mohn. A jury trial resulted in a verdict for plaintiff in the sum of $20,000. A motion for a new trial was overruled and defendant appealed.

There was little dispute in the evidence. It was generally agreed that on December 24, 1965, shortly before noon, plaintiff's wife was driving her car north on Highway 21 in Jefferson County, Missouri. Two of her children were in the front seat and four in the back seat. At the same time, Raymond Niel was driving a car south on Highway 21. Defendant was driving a car on Jefferson Heights Terrace Road which joins Highway 21 from the west, thus making a "T" intersection. Highway 21 extends generally north and south in a straight line from the "T" for about 900 feet or more. A driver of a car, when at the west side of Highway 21 at this "T," would have a clear view each way for that distance.

The evidence was that defendant stopped his car before entering Highway 21, then drove onto the highway "real quick" and turned north and into the northbound lane. Defendant testified he did not see the McDowell car until he had gone north about a car's length when he saw the McDowell car on the shoulder of Highway 21 to his right. The evidence was that the McDowell car had slight contact with the front fender of defendant's car, then swerved onto the highway and collided headon with the Niel car going south. The collision occurred about 129 feet north of the "T" intersection. Defendant testified he had attained a speed of about 20 to 25 miles per hour at the time he first noticed the McDowell car to his right. Mrs. McDowell died in the collision. We shall state other facts as they become necessary in the course of the opinion.

The case was submitted to the jury on failure to yield the right of way and failure to keep a lookout.

Defendant briefed four points seeking a reversal of the judgment. They are:

First, that the court erred in not directing a verdict for the defendant because the evidence was insufficient to support a verdict for plaintiff.

Second, that plaintiff's instruction number 3 should not have been given since it was not supported by the evidence.

Third, that plaintiff's instruction number 9-A was an improper definition of the right of way in this case.

Fourth, that the court should have given defendant's requested instruction C, that it was in proper form, and supported by the evidence.

We shall consider these points in the order stated.

On the question of the evidence being insufficient, defendant cited the case of Graham v. Conner, Mo.App., 412 S.W.2d 193. That case is not in point. There, a small 4-year-old boy was struck by a car. There were no eyewitnesses. Defendant offered no evidence. The case was submitted to a jury on failure to keep a lookout. The Springfield Court of Appeals held there was no evidence to support a failure to keep a lookout and reversed a judgment for plaintiff. Defendant cited Hulse v. Herren, Mo., 357 S.W.2d 154. In that case, the plaintiff drove a truck onto a highway from a private roadway and collided with another truck on the highway. There was a verdict for the defendant.

Contributory negligence was the question submitted to a jury. This court held the submission proper. Defendant in the case before us argues that in the Hulse case the evidence established that the truck on the highway was about six or seven truck lengths from the driveway when plaintiff drove onto the road, and that in the case before us there was no evidence at what point on Highway 21 the McDowell car was when the defendant drove his car onto Highway 21. In this, defendant is mistaken. The evidence justifies a finding that the McDowell car was within plain view and in such proximity to the "T" intersection that defendant should not have attempted to enter it. In fact, defendant's evidence so indicates. Defendant testified that after he entered the highway and turned north, he had gone only about a car's length when he saw the McDowell car beside his car on the shoulder. Defendant stated he had attained a speed of about 20 or 25 miles per hour, indicating that he was not creeping. Plaintiff's evidence was that Mrs. McDowell was driving at a speed of about 50 miles per hour, that defendant's car was stopped at the intersection, and that then the car came quickly onto the road and turned north. Marvin McDowell, 12 years old, sitting in the front seat at the time, testified that when the red car (defendant's) came across the road, his mother immediately turned onto the shoulder. Note his evidence.

"Q * * * What did your Mama do as soon as this red car pulled out?

"A She went on the shoulder road."

The evidence justifies a finding that the McDowell car was so close that it was the defendant's duty to yield the right of way to the McDowell car. Hulse v. Herren, supra.

▮ It is evident from the above statement of facts that defendant's contention that the evidence did not justify a finding of failure to keep a lookout is without merit. Defendant testified he looked but did not see the McDowell car. However, defendant is charged with having seen what was in plain view and the evidence supports a finding that the McDowell car was in plain view at the time defendant began driving onto the main highway.

What we have said disposes of the second point briefed wherein defendant urges that instruction number 3 should not have been given because the evidence did not support a finding that defendant failed to yield the right of way and failed to keep a lookout.

▮ The third point briefed was not stated clearly in the motion for a new trial nor in the brief. In the brief, the point is stated as follows:

"The trial court erred, to defendant's prejudice, in giving and reading to the jury Instruction No. 9-A, since said instruction is the improper definition of right of way in this case." We must go to the argument to determine defendant's criticism. In the argument defendant contends that instruction 9-A was patterned after MAI 14.05; that the instruction should have been patterned after MAI 14.06 for the reason that Jefferson Heights Terrace Road is a private road; and that MAI 14.05 should be used only in cases where a street or public road intersects with a main public highway. This contention is evidently an afterthought. In the motion for new trial the only statement as to this point reads as follows: "The submission of Instruction No. 9A was improper because the procedure outlined in Missouri Approved Jury Instructions Volume was not followed * * *." There is no merit in the contention as made in the argument. The evidence did not show that Jefferson Heights Terrace Road in fact was a private road in a legal way. As we understand the evidence two witnesses referred to the road as a private road, not in answer to questions as to whether the road was private or public but to distinguish it from Highway 21. Other evidence offered by plaintiff disclosed Jefferson Heights Terrace Road to be an entrance and exit to a

subdivision wherein many houses are located. The record does not establish that the road was in fact private. See Chapter on private roads, 72 C.J.S. pp. 918–951. In 39 C.J.S. Highways § 1, p. 916, it is said that "Designation of a road or highway as 'private' does not affect its character if it is in fact a public road or highway." It is our opinion that instruction 9-A was not improper.

In the last point briefed defendant says the trial court erred in refusing to give defendant's instruction C. This instruction reads as follows:

"Your verdict must be for the defendant whether or not defendant was negligent, if you believe:

"First, Beatrice McDowell either:

  failed to keep a careful lookout, or drove at an excessive speed, or passed the automobile driven by defendant on the right; and

"Second, Beatrice McDowell's conduct in any one or more of the respects submitted in paragraph First was negligent; and

"Third, such negligence of Beatrice McDowell directly caused or directly contributed to cause her death."

We find no evidence to justify an inference that Mrs. McDowell failed to keep a lookout. In fact, the evidence is to the contrary. Had she failed to keep a lookout, her car probably would have collided wth defendant's car; had she turned to the left to pass, she would have been confronted with the car coming south. The evidence justifies a finding that Mrs. McDowell fully realized her precarious position and that she chose the only possible avenue of escape. She chose to go to the shoulder of the road about eight feet in width and with a ravine 40 or 50 feet deep to the right of the shoulder of the road. All the evidence indicates that the McDowell car was close at hand when the defendant's car entered Highway 21.

There being no evidence to support a finding of a failure to keep a lookout on the part of Mrs. McDowell, the court was justified in refusing the instruction.

It is unnecessary to consider other points briefed urging that instruction C should not have been given.

We find no prejudicial error in the record. Hence, the judgment for plaintiff is hereby affirmed.

PER CURIAM:

The foregoing opinion by HENRY J. WESTHUES, Special Commissioner, is adopted as the opinion of the court.

All concur.