**Paul F. McNAMEE and Donovan J. McNamee, Plaintiffs-Appellants,**

**v.**

**Robert L. EHRHARDT, Administrator of the Estate of William Edwin Pike, Deceased, Defendant-Respondent.**

**Nos. 52980, 52981.**

Supreme Court of Missouri, Division No. 2.

Sept. 9, 1968.

Motion for Rehearing and for Transfer to Court En Banc Denied Nov. 12, 1968.

Edwin Pike, deceased, to recover damages for injuries received and wrongful death caused by the negligent operation of an automobile allegedly driven by Pike. At the close of plaintiffs' evidence, the trial court directed a verdict in favor of defendant on the ground that there was not sufficient evidence from which a jury could resonably conclude that William Edwin Pike was in fact the driver of the negligently operated vehicle. Since, on the existing state of the record, the amounts in dispute in each cause of action, now joined, exceed Fifteen Thousand Dollars, this court has jurisdiction of each case on appeal.

On October 5, 1962, an automobile driven by Plaintiff Donovan McNamee and occupied by Bernice McNamee, wife of Plaintiff Paul F. McNamee, Sr., and by her other son, Paul F. McNamee, Jr., was proceeding westerly on U. S. Highway 40, at approximately fifty miles per hour. About 9:30 P.M. at the crest of a hill said vehicle collided head on with a car occupied by three or four servicemen (hereinafter referred to as the "defendant" automobile or vehicle). Just prior to the fatality, the eastbound defendant vehicle overtook and passed a car occupied by one Buddy Hamilton and his wife (witnesses herein) as well as a tractor trailer truck just ahead of the Hamilton automobile. The defendant vehicle was still in the left-hand lane of traffic at the time of impact. As a result of this accident three of the servicemen were killed, as was Bernice McNamee.

The negligence of the driver of the defendant automobile is unquestioned. The only contested issue in the trial of the case was the identity of the driver of the defendant automobile. The trial court concluded that by plaintiffs' own evidence a jury could not reasonably find that William Edwin Pike was that driver. The sole issue, therefore, is whether or not plaintiffs presented sufficient evidence as to identity to make a submissible jury question.

Morris A. Shenker, Frank B. Green, Jr., Cordell Siegel, St. Louis, for plaintiffs-appellants.

Robert L. Wesner, Wesner, Wesner & Meyer, Sedalia, for respondent.

KEITH P. BONDURANT, Special Judge.

Actions by Donovan McNamee and Paul McNamee against the estate of William

Two rules are determinative: First, in passing upon a motion for directed verdict, if there is any substantial evidence from which the jury could reasonably conclude that a plaintiff is entitled to recover, the court must submit the case to the jury and a failure to do so is error. Sigmund v. Lowes, Mo.App., 236 S.W.2d 14, 16; Berry v. Kansas City Public Service Co., 343 Mo. 474, 121 S.W.2d 825, 832. Secondly, since the submissibility of plaintiffs' case is in issue, this court must consider the facts supporting plaintiffs' theory in a light most favorable to plaintiffs. Schneider v. Prentzler, Mo., 391 S.W.2d 307, 309.

Plaintiffs' evidence, so viewed, is as follows:

Mr. Hamilton testified that he in company with a truck driver who had witnessed the accident, approached the defendant vehicle immediately after the collision, at which time both car doors were closed. They looked inside with the aid of the truck driver's flashlight and "there was two boys in the front seat and there was one in the back seat." He also stated that the boy in the driver's seat was slumped over onto the steering wheel but with his head against the left door window.

Trooper Hamerand, the State Highway Patrolman who arrived at the scene some forty minutes after the accident, stated that when he arrived and went to the Falcon (defendant automobile), the left door was open and that there was one person in the left front seat, one in the right front seat, and one in the back. There also was one boy in the ditch immediately to the left of the Falcon. With respect to Pike, the trooper testified that "he was sitting upright, slumped over the steering wheel, with his feet pinned under the dash,. somewhere near the accelerator." Subsequently, the trooper said that Pike's feet "were somewhere in the vicinity of the accelerator" and that Pike was slumped over the steering wheel with the center of his chest resting on the steering wheel.

Mrs. Hamilton testified that when the defendant automobile passed the Hamilton car just before the accident: "I seen two men in the front seat and, as well as I could still remember, there was one man in the back seat that I could see. He was on the left-hand side. He was behind the driver."

All of the evidence in this record clearly agrees that both before and after the collision there were two persons in the front seat of the defendant automobile. Mrs. Hamilton's testimony is unequivocal that before the accident, there were two people in the front seat. The evidence from Mr. Hamilton is that immediately after the accident there were two people in the front seat, one of whom was in the driver's seat slumped over the steering wheel. When Trooper Hamerand arrived, Pike was in the driver's seat slumped over the steering wheel with his feet pinned under the dash near the accelerator. There still were two people in the front seat and one in the back seat.

Defendant contends that the evidence from plaintiffs' witness, the trooper, that he found the body of a fourth man lying in a ditch to the left of the left side door, which was then open, provides a basis for supporting two contradictory inferences with respect to the issue of who was driving the defendant automobile. Defendant quotes from Helton v. Huckeba, 241 Mo. App. 786, 270 S.W.2d 486, 493, 494, the rule as to circumstantial evidence:

"* * * if the facts proved by the party having the burden of proof give no more than an equal basis for two or more inconsistent conclusions as to the existence of an essential fact, such party has in that event failed to remove the case beyond the realm of speculation and conjecture, and the facts essential to his recovery are not established by legitimate proof.

* * * * * *

"The rule is, that where evidence is such as would support either of two contradic-

tory inferences or presumptions respecting the ultimate facts there is a failure of proof, since it leaves the subject of liability in the field of conjecture."

 This is a proper statement of the rule, but defendant's application of it to the facts in this case does not resolve the issue in favor of defendant. Plaintiffs had only the burden to present substantial evidence tending to prove that Pike was driving at the time of the accident, not to account for the appearance of a body outside the automobile. There was no evidence that Pike had been moved or to explain how his feet could be pinned under the dash near the accelerator without his having been the man who was observed in the driver's seat before the accident and who actually was the driver of the car. Demonstrative evidence in the form of photographs was submitted by plaintiffs, from which a jury could draw supportive inferences in addition to the testimony, heretofore related, of the Hamiltons and Trooper Hamerand. Since to afford a substantial or sufficient basis for deductive reasoning in the determination of civil issues, circumstantial evidence need not have the quality of absolute certainty (Fellows v. Farmer, Mo.App., 379 S.W.2d 842, 847), we cannot hold otherwise than that the evidence in the record is sufficient to amount to substantial evidence from which the jury could find that Pike was the driver.

The issue of proof of who, among occupants of a motor vehicle, was driving at the time of an accident has arisen in Missouri on only one other occasion, in 1964, upon considerably different facts. Martin v. Sloan, Mo., 377 S.W.2d 252. That case held that there was sufficient evidence to establish Sloan as the driver on the basis that when last seen, 2.6 miles from the place of casualty, he was driving. A review of cases from other jurisdictions suggests, however, that circumstantial evidence no stronger, and in some cases much weaker, than in the instant case has been held sufficient to establish identity. (See: 32 A. L.R.2d 988, and cases cited therein.)

We conclude therefore that the trial court was in error when it sustained defendant's motion for directed verdict.

Reversed and remanded.

FINCH, P. J., and DONNELLY and EAGER, JJ., concur.