**Wayne M. GOODLOE, et al., Plaintiff/Respondent,**

v.

**John R. PINK, Defendant Ad Litem For Robert Elsworth Bowlin, Deceased, Defendant/Appellant.**

**No. WD 35741.**

Missouri Court of Appeals,
Western District.

Dec. 26, 1984.

---

G. Spencer Miller, Kansas City, George A. Tyree, Blue Springs, for defendant/appellant.

Thaine O. Blumer, Kansas City, for plaintiff/respondent.

Before PRITCHARD, P.J., and SHANGLER and BERREY, JJ.

BERREY, Judge.

Defendant appeals from order granting new trial to plaintiff.

Plaintiff was driving south on Route BB approaching Pink Hill Road. Defendant was northbound on Route BB turning left onto Pink Hill Road in front of the plaintiff. Before defendant could clear the in-

tersection, plaintiff and defendant collided. As a result of the collision plaintiff sustained multiple injuries, the loss of his left arm and was unconscious at the scene.

During the pendency of this appeal Robert Ellsworth Bowlin, appellant, passed away and John R. Pink was substituted as defendant ad litem.

Defendant's first point is that the trial judge erred in failing to direct a verdict for defendant at the close of all the evidence. Defendant argues that there was no evidence that he either failed to keep a careful lookout or failed to yield the right of way.

■ In ruling upon a motion by a defendant for directed verdict, the evidence must be viewed in the light most favorable to the plaintiff. If there is substantial evidence to support the plaintiff's cause of action, the motion must be overruled. *McNamee v. Ehrhardt*, 433 S.W.2d 318, 320 (Mo.1968).

■ Plaintiff's cause of action was based on defendant's failure to keep a careful lookout, or, in the alternative, defendant's failure to yield the right of way to oncoming traffic while attempting to make a left turn. All drivers have a "duty to keep a vigilant lookout both ahead and laterally." *Trimble v. Sipes*, 506 S.W.2d 353, 355 (Mo. 1974). Further, "[t]he driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard." Section 304.351.3, RSMo 1978; *George v. Wheeler*, 404 S.W.2d 426, 430 (Mo.App.1966). The factual dispute was whether defendant was able to see that plaintiff's approaching car constituted an immediate hazard in time to take effective precautionary action.

Plaintiff had no recollection of the accident due to the severe injuries he sustained. His two passengers were asleep at the time of the collision and had no recollection of the accident. The only direct testimony about the accident was from defendant who testified that he saw no on-coming traffic, commenced his turn, and was struck by plaintiff's vehicle. The highway patrolman who investigated the scene testified that the driver of a northbound vehicle (such as defendant) at that intersection would have a "[f]ull view of the southbound traffic [such as plaintiff] ... for at least 80 feet south of the intersection."

Defendant argues that plaintiff's car was passing through a "dip" on Route BB, just north of Pink Hill Road, as defendant began his left turn. While in the dip, defendant argues, plaintiff's car was not visible and defendant did not violate his duty to keep a careful lookout and to yield to oncoming traffic.

■ Defendant testified, "I was just fixing to turn. Just as I started to turn I saw him. He was right on me. I didn't see him before that." We view the evidence in the light most favorable to plaintiff. *MRAD v. Missouri Edison Co.*, 649 S.W.2d 936, 937 (Mo.App.1983). The highway patrolman testified that northbound traffic could have seen a vehicle approaching from at least 80 feet south of the intersection and he further estimated the speed of plaintiff's car at 55 miles per hour. The vision of neither driver was obscured. Plaintiff's car left 114 feet of skid marks, commencing 24 feet north of Pink Hill Road's center line through the point of impact then south approximately 90 feet. The collision of the two cars coupled with the physical facts shows that plaintiff's car was so close to the intersection as to constitute an immediate hazard. A driver, "must be held to have seen what looking would reveal." *Witt v. Peterson*, 310 S.W.2d 857, 860 (Mo.1958). These facts taken together are substantial evidence that defendant could have seen plaintiff's car in time to take evasive action. The trial court correctly overruled the motion for directed verdict and submitted the case to the jury. *McNamee, supra.*

■ Defendant's second point is that the trial court erred in granting plaintiff a new trial. A trial court has broad discretion to grant a new trial on the ground that

the verdict is against the weight of the evidence. This discretion is not abused when there is substantial evidence to support a verdict for the party awarded a new trial. *Resco Construction Co. v. Dawson Cabinet Co.*, 656 S.W.2d 324, 326 (Mo.App. 1983). We have already determined that plaintiff presented a submissible case. The judge acted within his discretionary authority when he ordered a new trial.

■■■■ Respondent has requested that this court award damages for a frivolous appeal. Rule 84.19. "A 'frivolous appeal' is one which presents no justiciable question and is so readily recognizable as devoid of merit on the face of the record that there is little prospect for success." *Means v. Sears, Roebuck & Co.*, 550 S.W.2d 780, 789 (Mo. banc 1977). The points raised in this appeal concern a factual situation subject to such differing interpretation that the jury found in favor of defendant but the judge found the verdict to be against the weight of the evidence. The points raised in this appeal do not meet the definition of frivolous appeal. In addition, there is no showing of bad faith by appellant. *Burks v. Beebe*, 578 S.W.2d 298 (Mo.App.1979). Respondent's request is denied.

Judgment affirmed.

All concur.