**Ronald McCORKLE,
Plaintiff–Appellant,**

**v.**

**Carol SPARKS, Defendant–Respondent.**

**No. WD 40550.**

Missouri Court of Appeals,
Western District.

May 16, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 27, 1989.

Stanley L. Wiles, Kansas City, for plaintiff-appellant.

Richard F. Modin, Kansas City, for defendant-respondent.

Before NUGENT, P.J., and
SHANGLER and CLARK, JJ.

NUGENT, Judge.

Plaintiff Ronald McCorkle appeals from the trial court's judgment entered on a jury verdict finding against the plaintiff on his claim for personal injury and property damages incurred in a collision of plaintiff's and defendant Carol Sparks' automobiles. The jury also found in favor of the defendant on her counterclaim for property damages. The plaintiff argues on appeal that the court erred in instructing the jury on his failure to keep a careful lookout or to yield the right-of-way. He also alleges error in the court's refusal to admit documents to impeach the defendant's expert witness. We affirm the judgment.

In our review of the sufficiency of the evidence to support the court's instruction, we must view the evidence in the light most favorable to the instruction, giving the prevailing party the benefit of all the reasonable inferences from those facts, and disregarding all unfavorable inferences. *Welch v. Hyatt,* 578 S.W.2d 905, 912 (Mo. 1979) (en banc). The following statement of facts reflects that standard.[1]

This lawsuit arises from an August 21, 1984, collision in St. Joseph that occurred when plaintiff McCorkle, westbound on Frederick Boulevard, attempted a left turn onto 36th Street, crossing the path of east-

---

1. We prepare this statement of facts from our review of the record, finding the briefs of counsel of little assistance in this regard. Both parties presented incomplete and argumentative statements of facts. We refer counsel to Supreme Court Rule 84.04(c), which requires a *"fair* and concise statement of the facts." Neither brief complies with that rule.

bound defendant Sparks. Defendant's Chrysler Newport struck plaintiff's Ford Granada on the right rear door.

Frederick Boulevard is a four lane road traveling East and West. Thirty-sixth street, which intersects Frederick running North and South, also has four lanes. No left turn lane existed on Frederick at the time of the accident, nor did a left turn arrow. A sign at the intersection instructed drivers contemplating left turns to yield to oncoming traffic during green lights. The parties agreed that the accident occurred while a green light controlled Frederick Boulevard traffic.

The plaintiff testified that he stopped in the left lane for a red light. A medium sized truck sat opposite plaintiff in the eastbound left lane of Frederick, also signalling a left turn. He could see other cars waiting behind the truck. After the light turned green, he moved forward in the intersection, pulling slightly to the left so that he could peek around the truck. Three or four cars passed the truck in the eastbound curb lane before the plaintiff could see no more cars in that lane. He commenced his turn, looked back to his right and saw the Sparks car twelve to fifteen feet away bearing down on him at forty-five miles per hour. Ms. Sparks' car struck his on the right side and spun his car round one and one-half times.

Two of Mr. McCorkle's passengers also testified. Billie Rymes, who sat in the front passenger seat, saw no cars in the eastbound curb lane before he turned. Tim Franke, a passenger in the right rear seat of Mr. McCorkle's car, remembered seeing the truck in the eastbound lane opposite Mr. McCorkle's car. He saw defendant Sparks car a split second before impact and estimated that it came on at more than thirty miles an hour. The speed limit on Frederick is thirty-five miles per hour.

Ms. Sparks testified that she was traveling twenty-five to thirty miles per hour in the eastbound curb lane of Frederick Boulevard when she saw the plaintiff turn in front of her. She applied her brakes but heard no screech of the tires. The investigating officer observed no skid marks at the scene. Defendant Sparks also presented photographs of the scene of the accident that show a truck sitting in the left lane. A truck in that position obstructs the view of one attempting to turn left. The defendant's passenger, Esther Sparks, estimated her speed at twenty to thirty miles per hour. She saw the plaintiff turn in front of them shortly before the collision.

Ms. Sparks presented the videotaped deposition of Dr. Joseph Lichtor. He testified on direct examination that he had examined Mr. McCorkle and had reviewed his medical records. He stated that the plaintiff had told him that he missed no work following the accident. The doctor found no physical reason for the plaintiff's pain and concluded that he had suffered no injury in the accident. Dr. Lichtor's testimony contradicted the plaintiff's testimony that he began suffering ill effects shortly after the accident and that he had missed work as a result of his injuries.

Cross-examination revealed that Dr. Lichtor receives ninety per cent of his income from his litigation consulting work. He charges $250 per hour for such consultation. Although he examines patients for both plaintiffs and defendants, he presents most of his trial testimony on behalf of defendants. The doctor has written a book in which he describes a condition he calls "Abnormal Sick Behavior for Personal Gain." According to Dr. Lichtor, that condition appears in one who describes physical complaints for which the doctor can find no physical basis. The doctor described the condition not as a mental illness or disease, but an abnormal response to accidents. He explained, however, that pain related to the condition comes from a mental source. He testified that he had no training in psychiatry or psychology. The witness admitted further that he had been barred from testifying in two cases; that he had encountered opposition to his joining the staff at Menorah Hospital; and that he had been denied membership to the American Academy of Orthopedic Surgery.

The plaintiff offered a memorandum from a Kansas trial judge who had explained his reasons for deciding to exclude

Dr. Lichtor's expert testimony. He had ruled that the doctor was an incompetent witness. In that memorandum the judge questioned the doctor's credibility and his allegiance to his oath before the court. He found fault with Dr. Lichtor's methods of examination, finding that he follows different procedures when he examines a patient for the plaintiff. As of this writing, that case still awaits final disposition on appeal. The court in the instant case refused to allow the memorandum or the transcript in evidence before the jury. The plaintiff did not challenge Dr. Lichtor's competence as a witness.

The plaintiff objected to the trial court's instructions numbers 9, 13 and 14. Those instructions submitted the issue of the plaintiff's negligence for failure to yield the right-of-way or for failure to keep a proper lookout. They directed the jury to consider the plaintiff's negligence both as it related to his proportion of fault for his own injuries and for the defendant's counterclaim for property damage. The jury found the plaintiff one hundred percent at fault for both purposes, attributing no fault to Ms. Sparks. The court entered judgment on the jury verdict, and the plaintiff now appeals.

We will first consider the plaintiff's second point in which he challenges the sufficiency of the evidence to support the court's instruction on the plaintiff's negligence.

Section 304.351.3 [2] requires a left-turning motorist to yield the right-of-way to a motorist approaching from the opposite direction when the approaching vehicle is "within the intersection or so close thereto as to constitute an immediate hazard." In addition, a driver has a duty to keep a careful lookout for any hazards on the road, including approaching vehicles. *See e.g. Gerdel v. Broccard*, 428 S.W.2d 492, 495 (Mo.1968); *Goodloe v. Pink*, 683 S.W.2d 653, 655 (Mo.App.1984); *Dorrell v. Moore*, 504 S.W.2d 174, 178 (Mo.App.1973).

■ Plaintiff McCorkle argues that no evidence supported either the instruction on failure to keep a careful lookout or for failure to yield the right-of-way. Plaintiff's argument, however, ignores the defendant's testimony that he turned left in front of her as she approached at twenty-five to thirty miles an hour. Although the mere fact that a collision occurred during a left turn does not conclusively establish that the driver of the left-turning vehicle failed to yield right-of-way, *Anthony v. Jennings*, 368 S.W.2d 533, 538 (Mo.App. 1963), that fact in combination with other evidence will support such a finding. *Goodloe v. Pink, supra.* Here, the plaintiff turned in front of an oncoming automobile travelling from five to ten miles an hour below the speed limit with a green light. From those facts the jury could find that the plaintiff failed to yield.

■ The evidence also supported the submission of the instruction on failure to keep a careful lookout. Mr. McCorkle contends that his stopping at the intersection, looking across traffic, moving ahead to improve his vantage point, and his observation of a clear curb lane proved that he did in fact keep a careful lookout. But the defendant's testimony showed her travelling in the curb lane before the plaintiff turned in front of her. Moreover, the plaintiff turned even though he faced a truck that obstructed his view. Obviously, the jury believed that even if he looked, the plaintiff failed to see Ms. Sparks approaching. As the Missouri Supreme Court observed in similar circumstances, "Although he looked, he looked negligently." *Burton v. Moulder*, 245 S.W.2d 844, 847 (Mo.1952). We conclude that the trial court properly instructed the jury.

■ The plaintiff also argues that the court erred by denying admission of a memorandum opinion by a Kansas district judge. He contends that the memorandum contained information necessary to his impeachment of Dr. Lichtor, the defendant's expert witness. The memorandum casts doubt on the doctor's credibility and declares him an incompetent witness for the case then before the Kansas court. The

**2.** Revised Statutes of Missouri, 1986.

plaintiff also sought to introduce the transcript from the Kansas hearing on Dr. Lichtor's competence as a witness.

We find no reversible error in the trial court's refusal to admit the proffered evidence. Dr. Lichtor testified only to the issue of damages, not to the defendant's liability. The jury, in a verdict which the evidence in the case clearly supports, assessed the defendant's liability for collision at zero percent. Therefore, it did not reach the issue of Mr. McCorkle's damages, and Dr. Lichtor's testimony related only to the extent of the plaintiff's injuries. For that reason, we need not consider the merits of the trial court's ruling. The plaintiff suffered no prejudice. *See Moore v. Rollmo Corp.*, 575 S.W.2d 859, 862 (Mo.App.1978) (when the jury found no negligence on defendant's part, the court need not consider the effect of a ruling relating solely to damages).

Accordingly, we affirm the judgment of the trial court.

All concur.