**470**

Lowell and Dorothy PIERCE,
Appellants,

v.

Roderick A. and Judith M.
MUSCH, Respondents.

No. WD 41871.

Missouri Court of Appeals,
Western District.

Jan. 9, 1990.

Frank H. Strong, Jr., Maryville, for appellants.

David A. Baird, Maryville, for respondents.

Before BERREY, P.J., and
TURNAGE and ULRICH, JJ.

BERREY, Presiding Judge.

Appellants, Lowell and Dorothy Pierce, appeal from the trial court's grant of a new trial in a case involving the creation by prescription of an affirmative easement appurtenant across the land of respondents Roderick and Judith Musch. Affirmed.

Appellants' farm adjoins two tracts of land owned by the respondents, referred to in the proceedings below as the Foley–Burke tract and the Bowen–Irvin tract. Appellants claimed easements by prescription over both pieces of property. The appeal in the instant case concerns only the Foley–Burke tract, as the trial court did not grant an easement to appellants in regard to the Bowen–Irvine tract.

Appellants purchased their property from the heirs of Lowell Pierce's uncle, Floyd Pierce, in the late 1950's. Respondents purchased the property, over which the disputed easement was alleged to run, in 1987. Appellants claimed an easement was established across respondents' land by appellants' predecessor in interest sometime prior to 1957. There was some evidence, however, that the easement was one of necessity and that respondents' predecessors allowed the use by permission.

The case went to trial and appellants were granted an easement over the Foley–Burke tract. The court also concluded that respondents could not recover on their counterclaim because appellants had an easement. The judge who presided over the case retired. His replacement granted respondents' motion for a new trial. Three grounds were stated by the new judge for his grant: (1) that the judgment was against the weight of the evidence; (2) that

the affidavits attached to the motion for new trial tended to prove that the use by appellants was not adverse; and (3) that there was substantial evidence of the damages sustained by respondents as a result of appellants' actions.

■ A review of the order granting a new trial is done from the perspective of examining, "all reasonable inferences favorable to the trial court's ruling unless there has been a clear abuse of discretion in granting the motion." *Harris v. Washington*, 654 S.W.2d 303, 306 (Mo.App.1983). If any of the reasons given by the trial court in support of its action is found to be proper then its ruling will be affirmed. *State ex rel. State Highway Commission v. Klipsch*, 414 S.W.2d 783 (Mo.1967).

The trial judge sustained the motion for new trial, "upon the grounds that the judgment entered herein is against the weight of the evidence [and] testimony submitted at trial. . . ." A trial court has broad discretion in granting a new trial on the grounds that the verdict is against the weight of the evidence. *Goodloe v. Pink*, 683 S.W.2d 653 (Mo.App.1984). There is no abuse of this discretion where substantial evidence supports a verdict for the party who has been awarded a new trial. *Id.* at 656. The fact that a new judge granted the new trial is of little consequence. Rule 79.01 provides for just such a contingency:

**RULE 79.01   OTHER JUDGE SITTING IN OR ASSIGNED TO COURT MAY PERFORM JUDGE'S DUTIES—WHEN**

If by reason of his going out of office, death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after a verdict is returned or findings of fact are filed, then any other judge sitting in or assigned to the court in which the action was tried may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial *or for any other reason, he may in his discretion grant a new trial.*

(Emphasis added).

■ In the instant case, the new judge ordered a new trial. This action was per-

fectly permissible under Rule 79.01. *See also Swain by Swain v. Simon*, 699 S.W.2d 769, 773 (Mo.App.1985) (Successor judge has the discretion to grant a new trial or to deny a new trial). In reviewing the evidence and granting the new trial as against the weight of the evidence he acted in a manner similar to that of an appellate judge. The usual reason for an appellate court's deference to a trial court's review of a new trial granted to a defendant is not present here—that being the trial judge is in a superior position to hear and observe witnesses and weight evidence. *See Reyes v. St. Luke's Hospital of Kansas City*, 716 S.W.2d 294 (Mo.App.1986). Thus, a closer look is indicated to see if there existed substantial evidence that could have supported a verdict for respondents.

"To establish a claim for a prescription easement the plaintiff must prove 1) are for the prescribed 10 year period; 2) the user was adverse; 3) the use was under a claim of right; 4) the owner had actual or constructive notice of such use and character of usage." *Fenster v. Hyken*, 759 S.W.2d 869, 870 (Mo.App.1988); *See also Gill Grain Co. v. Poos*, 707 S.W.2d 434 (Mo.App.1986). Evidence presented in the instant case, however, shows that the easement in question was more properly characterized as an easement by necessity. The use of a way by necessity cannot be considered adverse or confer prescriptive rights for so long as that necessity continues. *Tadlock v. Otterbine*, 767 S.W.2d 366, 369 (Mo.App.1989); *See also Roberts v. Quisenberry*, 362 Mo. 404, 242 S.W.2d 26, 28 (1951).

Lowell Pierce's own testimony tends to establish an easement by necessity:

Q.  Mr. Pierce, now your claim today is based upon the fact that your uncle had used this pathway or used the pathway across the Burke land or the Foley land as it's [sic] been called during the time that he owned that property?

A.  Absolutely.

Q.  Now, you've also stated that when your Uncle Floyd Pierce owned this

**472**

property that he was—he had no other way in or out?

A. That was his only access.

Q. And so he had this as a way of necessity?

MR. ANDERSON: Objection, Your Honor, I think that would be a legal conclusion whether it's a necessity.

A. It was his only access to the place.

Q. He didn't have any access to the north?

A. No.

Q. He didn't have any access to the east?

A. No.

Q. Now at the time your uncle owned this property there was no fishing lake on there?

A. No.

Q. There was no parties there or anything?

A. He was a bachelor gentleman and lived there by himself.

Q. And so his way of going through there was for uses of farming?

A. Whatever he needed. It was his only access, whether he was going after groceries, whether he was going to town to pay his taxes, or whether he was hauling a load of cattle that he had sold. Whether he was buying hay which he had need of. That was his only access.

The record contains substantial evidence that would support a verdict in respondents' favor. So too, must the new trial on respondents' counterclaim be upheld as one necessarily follows from the other. The order of the trial court granting respondents' motion for a new trial is affirmed.

All concur.