William L. BRADLEY, Appellant,

v.

WASTE MANAGEMENT OF MISSOURI, INC., and Jeffrey Lumsden, By and Through his Personal Representative, Joseph Willemin, Respondents.

No. 58404.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 2, 1991.

Application to Transfer Denied
July 23, 1991.

W. Morris Taylor and William K. Meehan, Clayton, for appellant.

Kevin F. O'Malley, Linda Cary, and Joseph Willemin, St. Louis, for respondents.

CRIST, Judge.

This is a wrongful death case stemming from an automobile accident. We reverse and remand.

Plaintiff, William Bradley (father) filed suit against Waste Management of Missouri, Inc., and Jeffrey Lumsden. The petition arose out of an automobile accident in which Bradley's six-year-old daughter, Rachael Bradley (daughter), Bradley's ex-wife and the mother of daughter, Pamela Bradley (mother), and mother's boyfriend, Jeffrey Lumsden (boyfriend), were killed. Father petitioned for the wrongful death of his daughter.

The evidence reveals mother, boyfriend and daughter were coming home from a friend's home about 3:10 a.m. on January 14, 1988. The three were in the boyfriend's car, a Lincoln. Richard Quirin was driving a truck owned by Waste Management. He was traveling east as he approached the intersection of Page and Ashby Road. A flashing yellow signal controlled the traffic flowing eastward. The traffic flowing northbound at the intersection was controlled by a flashing red signal. The driver of the Lincoln, traveling north, violated the flashing red signal at the intersection as Quirin was approaching

the intersection. Quirin did not immediately detect the driver had violated the signal because the driver did not have the car's headlights illuminated. Quirin slammed on the truck's brakes but not in time to avoid an accident. The accident resulted in the death of the mother, boyfriend and daughter. Due to the positioning of the bodies of the boyfriend and mother, the Medical Examiner was unable to determine whether mother or boyfriend was the driver of the Lincoln. Further evidence revealed both mother and boyfriend were legally intoxicated.

Father's petition alleged Quirin and boyfriend carelessly or negligently caused their motor vehicles to come into collision with each other causing daughter to suffer serious and fatal injuries which resulted in her death. Father also filed suit against Waste Management, as owner of the truck Quirin drove and employer of Quirin and State Farm Mutual Automobile Insurance. State Farm is not a party to this appeal.

A second petition was filed shortly thereafter on behalf of both Patricia and Allen Finn, as the surviving parents of mother, and Russell Gronek, as the surviving son of mother. This petition named only Quirin, Waste Management and State Farm as defendants.

In the case brought by the Finns and Gronek, Waste Management filed a counterclaim. The counterclaim was filed against the estates of mother and boyfriend. In the counterclaim, Waste Management alleged that one of the two adults, either mother or boyfriend, could have been driving the Lincoln, drove the Lincoln at an excessive speed, failed to keep a proper lookout, failed to obey the red traffic signal and drove in an intoxicated condition.

The trial judge agreed to consolidate the joining of father's petition, Finn's and Gronek's petition, and Waste Management's counterclaim. No objection to the consolidation was made by attorney for father. The jury returned a verdict in favor of father in the sum of $50,000. The verdict apportionment was as follows: $1,000 against Waste Management; $24,500

against boyfriend; and $24,500 against mother.

■ Father asserts he did not receive a fair trial by reason of Waste Management's emphasis on the negligence of the mother in the care of her child in allowing her daughter to ride in a car with a driver who was intoxicated. We agree.

During closing argument, Waste Management made at least five references to mother's behavior as negligent because she put her daughter in a car with an intoxicated driver. Initially father objected on the ground there was no comparative fault to the mother for putting daughter in the car with an intoxicated driver pleaded in Waste Management's counterclaim. The court sustained the objection and advised the jury that they were bound by the evidence as seen and remembered. However, the trial court did not attempt to instruct the jury to disregard Waste Management's statement. Undaunted, Waste Management stated four more times mother was negligent for allowing daughter to ride in the car with an intoxicated driver. Waste Management also argued 100% fault fell on the driver and the mother who put the child in the car. Father objected each time stating placing the daughter in the car was not a submission in the case. Again the court only stated the jury was bound by the evidence.

After the fifth reference, father objected and made a request to approach the bench. Father requested a mistrial because of Waste Management's improper argument. The court overruled the request for a misstrial but told Waste Management "Get off it."

Father offered verdict form A, which required a finding as to his claim against Waste Management and/or boyfriend. Waste Management offered verdict form B, which required an apportionment of fault between Waste Management, boyfriend and mother. On verdict form B, the jury found Waste Management 2% at fault, boyfriend 49% at fault and mother 49% at fault.

We will begin with the instruction conference. The court stated "you must assess the portion of fault which each party listed in Verdict B has for plaintiffs' damages as to Verdict A." Form A was submitted by father and form B by Waste Management. Waste Management then stated it was asking for an allocation of fault between the two defendants, boyfriend and Waste Management. However, form B allowed the jury to find Waste Management and/or boyfriend and/or mother at fault. Father did not object to the misdirection of the jury in verdict form B. Father stated it was his understanding Waste Management had withdrawn its request for apportionment.

At the closing argument, father discussed forms A and B as if they were in proper form. He asked them to find 50% apportionment against Waste Management and 50% against boyfriend.

Waste Management then argued from forms A and B. On form A it urged the jury to find against boyfriend and in favor of Waste Management in the event they find for father. Waste Management then explained form B was for the apportionment of fault of Waste Management and boyfriend. Waste Management asked the jury to put a zero next to Waste Management and 100% to whomever was the driver, whether it be boyfriend or mother. Father did not object.

The jury returned the verdicts. On verdict B they found Waste Management 2% at fault, boyfriend 49% at fault, and mother 49% at fault. The jury was polled and objection was made by father that the verdicts were inconsistent, particularly on apportionment of fault, since the jury attributed fault to both boyfriend and mother. The trial court stated the motion for mistrial for inconsistent verdicts was overruled, but complaints relating thereto could be made in father's motion for new trial. Father did so complain in his motion for new trial.

Waste Management properly argued to the jury that there was a question as to whether mother or boyfriend was driving the car. However, Waste Management did

not plead that mother was negligent for placing her child in the car with an intoxicated driver. It was erroneous for Waste Management to argue in closing argument that mother was negligent for allowing her daughter to ride in a car with an intoxicated driver. When father objected to Waste Management's initial reference to this misstatement, the trial court sustained the objection but failed to correct the misstatement by instructing the jury to disregard the improper statements. Waste Management continued to make the misstatements time and time again. Father continued to object; however, the trial court never instructed the jury to disregard the statements.

 Misstatements of law are impermissible during closing argument and a trial court has the duty, not discretion, to restrain and purge such arguments. *Fahy v. Dresser Industries, Inc.*, 740 S.W.2d 635, 641[9–12] (Mo.App.1987).

 The jury was confused by Waste Management's continued argument that mother was negligent for allowing her daughter to ride in a car with an intoxicated driver. In accordance with the pleadings, the jury was only to find Waste Management and/or the driver of the car at fault. However, during closing argument, the jury continued to hear Waste Management misstate that mother could be found at fault for placing her child in the car with an intoxicated driver. The jury's confusion was compounded by the submission of verdict form B which allowed the jury to find Waste Management and/or boyfriend and/or mother at fault. The jury's confusion is evidenced by their apportioning fault to all three, Waste Management, boyfriend and mother. A jury instruction is prejudicially erroneous when such instruction directs recovery on a different theory than the one pleaded and proved and allows the jury to find for a party on a different basis than pleaded. *Fisher v. McIlroy*, 739 S.W.2d 577, 579–580 [1, 2, 3] (Mo.App.1987).

The continued misstatements made by Waste Management, without the trial court's instructing the jury to disregard, and the submission of verdict form B, confused the jury and prejudiced father. Father's other points on appeal need not be addressed. Judgment as to Waste Management is reversed and remanded for a new trial on all issues.

GARY M. GAERTNER, P.J., and CRANDALL, C.J., concur.