Brenda ROSS, Plaintiff–Respondent,

v.

PRIME TRANSPORT, INC.,
Defendant–Appellant.

No. 22465.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 9, 1999.

Application for Transfer Denied
Nov. 23, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 1, 1999.

Craig A. Smith, of Daniel, Clampett, Powell & Cunningham, L.L.C., Springfield, for Appellant.

Abe R. Paul, of The Paul Law Firm, P.C., Pineville, for Respondent.

JAMES K. PREWITT, Judge.

Plaintiff was operating a vehicle that collided with a trailer pulled by a tractor operated by Defendant's employee. Plaintiff sought damages as a result of the collision. Following jury trial, Plaintiff received a favorable verdict, and judgment was entered accordingly. Defendant appeals.

Defendant contends that the trial court erred in overruling its motion for judgment notwithstanding the verdict, as Plaintiff failed to make a submissible case of negligence or causation, "in that no evidence was presented at trial which estab-

lished that Defendant's vehicle entered the intersection at a time when Plaintiff had entered the intersection or was so close as to cause or create an immediate hazard."

Briefly stated, the tractor of the tractor-trailer unit was owned and operated by Defendant's employee, Dewey Slaughter. On the morning of May 1, 1995, he exited Alternate Highway 71, intending to turn left in an easterly direction onto Highway 60. Slaughter testified he reached the stop sign at the off ramp, stopped, looked both directions, and saw no vehicles. As he pulled onto Highway 60, he first saw the vehicle operated by Plaintiff traveling in a westerly direction, some 150 to 250 feet away. Slaughter could not estimate the speed of Plaintiff's vehicle, but said "it was moving right along." He continued to turn his vehicle, accelerating, hoping to get out of the way of Plaintiff's vehicle. He was not able to do so, and Plaintiff's vehicle collided with the trailer. Plaintiff had no recollection of the accident and Slaughter was the only eyewitness to testify.

In reviewing the denial of a judgment notwithstanding the verdict, the evidence is viewed in the light most favorable to plaintiff, disregarding all contrary evidence. *Pace v. Pacific Fire Protection District,* 945 S.W.2d 7, 8–9 (Mo.App.1997). The jury judges the weight of the evidence and credibility of the witnesses, and where reasonable minds can differ on the facts, this court does not disturb the jury's verdict. *Id.*

Plaintiff submitted her cause of action on failure to yield the right-of-way. The court gave a definition instruction essentially in the form of MAI 14.05 [5th Ed.1996]. Under that definition, the question here is whether there was evidence establishing that Plaintiff's vehicle was so close at the time Slaughter's vehicle entered the intersection that an immediate hazard was created.

Certainly the fact that a collision occurred is some indication that by pulling onto Highway 60, Slaughter's vehicle cre-ated an immediate hazard to Plaintiff and her vehicle. *McCorkle v. Sparks,* 771 S.W.2d 846, 849 (Mo.App.1989), states:

Although the mere fact that a collision occurred during a left turn does not conclusively establish that the driver of the left-turning vehicle failed to yield right-of-way, [citation omitted], that fact in combination with other evidence will support such a finding.

Although Slaughter testified that there was a tractor-trailer parked on the north side of the shoulder under the overpass where Highway 71 crosses Highway 60, there was evidence indicating that the tractor-trailer was not there at the time of the collision but arrived later. There was also evidence that absent the tractor-trailer, Slaughter could see for over 1,000 feet in the direction from which Plaintiff was coming. The investigating highway patrolman testified, without objection, that at the time of the collision he did not believe that Plaintiff's vehicle was exceeding the 55 miles-per-hour speed limit on Highway 60. Slaughter had testified that Plaintiff's vehicle did not appear to slow after he saw it.

At 55 miles per hour, Plaintiff's vehicle was traveling at 80–2/3 feet per second, which for our calculations we round to 80.7 feet per second. If she was 1,000 feet from the point of collision when Slaughter looked, it would have taken her 12.39 seconds to reach the point of collision. Slaughter said she was 150 to 250 feet away when he first saw her, and he had already entered the highway. If she had been out of his sight, that is, more than 1,000 feet away, when he first entered the intersection, it would have taken her more than 9.29 seconds to travel 750 feet, bringing her to 250 feet from Slaughter's vehicle.

There was testimony from an expert presented by Defendant that Slaughter's tractor-trailer would have taken 8.5 seconds to travel from the beginning of the intersection to where it was following the collision. Of course, it may have traveled

somewhat after the impact, as Slaughter claimed he was accelerating, but at the most favorable to Defendant, 8.5 seconds, Plaintiff would have traveled during that time 685.95 feet. So viewed, Plaintiff would have been within 685.95 feet at the time Slaughter's vehicle entered Highway 60. If Slaughter's vehicle pulled out when Plaintiff's vehicle was within 685.95 feet traveling at 55 miles per hour, then the jury could well have found that Plaintiff's vehicle was so close as to be an immediate hazard and that Slaughter failed to yield the right-of-way to Plaintiff. The evidence combined with the fact of collision was sufficient to make a submissible case of failure to yield the right-of-way.

The judgment is affirmed.

MONTGOMERY, P.J., and BARNEY, J., concur.