**H. Kent DESSELLE & Shirley Desselle, et al, Appellants,**

v.

**COMPLETE HOME CONCEPTS, INC., d/b/a, Model Stone Midwest, Respondent.**

**No. WD 66329.**

Missouri Court of Appeals,
Western District.

Jan. 9, 2007.

Jeffrey Scott Nichols, Kansas City, for Appellant.

Bradley C. Nielsen, Kansas City, for Respondent.

Before RONALD R. HOLLIGER, Presiding Judge, PAUL M. SPINDEN, Judge, and LISA WHITE HARDWICK, Judge.

RONALD R. HOLLIGER, Presiding Judge.

Kent and Shirley Desselle and their neighbors, F.J. and Rosanne Silvania (collectively, "homeowners") appeal a judgment in favor of the defendant Complete Home Concepts ("CHC") in their suit for damages claimed to be caused by a fireplace installed by CHC in the Desselles' home. They claim that a jury verdict and judgment for the defendant were not supported by the evidence and that the trial court plainly erred in permitting an incorrect statement of law during closing argument by CHC's counsel.

We affirm because a general verdict for the defendant was not required to be supported by the evidence where homeowners had the burden of persuasion and no plain error occurred.

### Factual and Procedural Background

Viewed in the light most favorable to the jury's verdict, the record on appeal establishes the following. The Desselles contracted with CHC to provide and install a fireplace in their home, which they were remodeling. In doing so, CHC ran a flue through the ceiling of that home and through a portion of an enclosed attic space. While the manufacturer's instructions for this model fireplace require the use of locking bands and a heat shield on the flue, CHC did not install them.

On the evening of the house-fire, Mr. Desselle built a fire in the fireplace, and later went to bed. During the night, the house filled with smoke. The Desselles awoke and left the house to discover that flames were visible on the roof near the back of the chimney. Firefighters arrived and attempted to put out the fire. In the course of doing so, they ran hoses through the Silvanias' home, and used the second story of that home as a vantage point from which to combat the fire. Ultimately, the fire destroyed the Desselle home and the Silvania home sustained damage, both from the fire and from the efforts of firefighters to douse the blaze.

Various investigations into the source of the fire were conducted. Expert witnesses who testified at trial were generally in agreement that the fire started somewhere in the vicinity of the flue where it passed through the attic. Two of the homeowners' experts testified that the lack of a heat shield likely contributed to the cause of the fire, by allowing cellulose insulation to come in contact with the hot flue. Another expert opined that hot gas escaping from the flue caused the fire. On cross-examination, these experts also testified that the purpose of the missing locking bands would have been to keep the flue segments securely fastened together. The expert who supervised the collection of physical evidence at the scene of the fire also testified that the flue joints were assembled and had to be unscrewed before they could be removed. The purpose of the missing heat shield would have been to keep combustible material like insulation away from the hot flue.

An expert witness also testified on behalf of CHC. He opined that the available physical evidence suggested that no gas leaked from the flue during the fire. This opinion was based upon the discoloration pattern visible on the flue pipes after the fire. Similarly, based upon the facts that

the flue remained upright after the fire, and the joints bore etchings indicating that they were locked together,[1] that expert opined that the absence of locking bands did not contribute to the cause of the fire. This expert also testified that regardless of the presence or absence of a heat shield, the exterior temperature of this flue would never be hot enough to ignite cellulose insulation.

In closing argument, the homeowners argued that CHC's failure to follow the manufacturer's installation instructions constituted negligence that led to the fire. CHC's closing argument focused on causation, minimizing the significance of the manufacturer's instructions. During that argument, defense counsel told the jury that:

> They have to prove, they have the burden of proof to say that those potential fire hazards caused the fire . . . The only thing they have is the installation instructions written by a lawyer in CYA[2] mode at the manufacturer's headquarters.

After the jury returned a verdict in favor of CHC, the homeowners filed a motion for new trial alleging, inter alia, that the verdict was against the weight of the evidence and that the above-quoted comments in closing argument constituted plain error, requiring a new trial. That motion was denied, and this appeal follows.

## Discussion

The homeowners raise three points on appeal. The first of those has been re-solved by way of a settlement agreement and therefore need not be addressed by this court.

■ The second point on appeal claims that the trial court abused its discretion in not ordering a new trial. This court reviews a trial court's denial of a motion for new trial for abuse of discretion. *Kansas City v. Keene Corp.*, 855 S.W.2d 360, 372 (Mo. banc 1993). In conducting this review, the evidence is viewed in the light most favorable to the verdict. *Gomez v. Constr. Design, Inc.*, 126 S.W.3d 366, 375 (Mo. banc 2004). We do not consider the weight of the evidence, or the credibility of witnesses, and "where reasonable minds can differ on the facts, this court does not disturb the jury's verdict." *Ross v. Prime Transp., Inc.*, 3 S.W.3d 867, 868 (Mo.App. S.D.1999).

■ The homeowners' primary claim that the trial court abused its discretion rests upon the contention that a new trial "is warranted where there is a complete absence of probative facts to support the jury's verdict." *See Kuczynski v. Intensive Maint. Care, Inc.*, 48 S.W.3d 55, 56 (Mo.App. E.D.2001). This contention, however, "overlooks the fact that a verdict in defendant['s] favor need not be supported by any evidence."[3] *Bakelite Co. v. Miller*, 372 S.W.2d 867, 871 (Mo.1963). As our Supreme Court has noted in similar circumstances:

> [I]t is the rule that where the burden of proof is on the plaintiff who relies on

---

1. The defense expert did not have access to the physical evidence at the scene of the fire.

2. The transcript reads "CIA mode." In context, it would appear that this is a transcription error. "CYA" stands for "cover your ass." Random House Webster's Unabridged Dictionary 496 (2d ed.2001).

3. The contradiction inherent in the homeowners' position is evident in the motion for new trial that the court below denied. A single sentence in that motion asserts that while a successful defendant need not "put on any evidence, there must be some evidence" to support a defense verdict. No argument advanced on appeal resolves this fundamental contradiction.

oral testimony, or upon documentary testimony that is not legally conclusive, or a mixture of both, to establish all or some of the essential elements of his cause of action a verdict in the defendant's favor is not required to have evidentiary support but rests upon a finding by the jury against the party having a burden of proof, and after the trial court exercises its discretion by overruling a motion for new trial, the appellate court, on the sole contention of abuse of discretion thereby, will not entertain the contention.

*J.D. Streett & Co. v. Bone*, 334 S.W.2d 5, 10 (Mo.1960). The homeowners' claim in this case rested upon a theory of negligent installation of the fireplace in the Desselles' home. In order to prove the element of causation in that case, the homeowners presented expert opinion that two installation failures on the part of CHC contributed to causing a house-fire. The homeowners also introduced the manufacturer's instructions requiring the use of locking bands or screws and a heat shield. None of this evidence, however, was conclusive on the question presented to the jury as to whether CHC's actions caused the homeowners' losses.

■ This appeal, in essence, stems from the homeowners' disagreement with the jury's determination that CHC was not at fault for the fire. The jury, however, was free to find "against the party having a burden of proof." *Id.* Where, as here, the trial court, who has seen the evidence at trial, denies a motion for new trial on the ground that the verdict was against the weight of the evidence, that denial is "a conclusive determination that cannot be

overturned on appeal." *Warren v. Thompson*, 862 S.W.2d 513, 514 (Mo.App. W.D.1993) (collecting cases).[4]

The homeowners' second point on appeal is, therefore, denied.

■ The homeowners' third point asserts that plain error resulted from comments made by CHC's counsel during closing argument. Plain error review is reserved for situations of manifest injustice and miscarriage of justice. Rule 84.13(c); *Robertson v. Cameron Mut. Ins. Co.*, 855 S.W.2d 442, 447 (Mo.App. W.D. 1993). "[I]t is rare that comments made in closing argument will rise to the level of plain error." *Adams v. Children's Mercy Hosp.*, 848 S.W.2d 535, 545 (Mo.App. W.D. 1993). The grant of a new trial in such circumstances will be justified only where "the error complained of has engendered hatred, passion, or prejudice." *Robertson*, 855 S.W.2d at 447.

■ The homeowners assert that counsel's comment that the manufacturer's instructions offered as proof of causation were "written by a lawyer in CYA mode" meets this standard. The homeowners do not, however, point to any particular "hatred, passion, or prejudice" that these comments incited; instead, it is asserted that this comment constitutes a misstatement of law that the trial court had a duty to purge. Trial courts do have a duty to purge misstatements of law made during closing argument. *See Bradley v. Waste Mgmt. of Mo., Inc.*, 810 S.W.2d 525, 528 (Mo.App.E.D.1991). Nevertheless, we fail to see how this argument, even if a misstatement, caused a manifest injustice.

---

4. Even were a defendant required to supply evidence supporting a favorable verdict, the present case would not justify a reversal, as substantial evidence negating causation was offered at trial. That evidence consisted of expert testimony to the effect that neither of

the alleged installation failures resulted in the fire that is the basis of the claim presented. As the sole trier of fact, the jury was free to credit this testimony over that of the homeowners' experts. *See Ross v. Prime Transp., Inc.*, 3 S.W.3d 867, 868 (Mo.App. S.D.1999).

We, therefore, decline to exercise plain error review.

■ The homeowners also claim that defense counsel's claim that the flue pipes were "locked" at the time of the fire was unsupported by the evidence. Contrary to this assertion, evidence presented at trial permits an entirely reasonable inference that the pipes were indeed locked together at the time of the fire. The homeowners' expert who collected the evidence at the scene of the fire testified that the flue pipes were assembled after the fire and that they had to be disassembled in order to be removed. Photographs of the flue pipes at the scene of the fire were also introduced at trial. Those photographs were made available to the jury during their deliberations. Finally, CHC's expert testified that discoloration patterns on the flue pipe and etchings on those pipes indicated a likelihood that those pipes were "locked" and that no gases were leaking from the flue at the time of the fire. Given this evidence, the jury was entitled to draw the inference that the pipes were locked together, that no heated gases could have leaked from the flue, and the manner in which the flue was installed did not contribute to causing the fire. Counsel's invitation in closing argument to draw that inference cannot be said to have produced reversible error.

Since neither the passing reference to a lawyer in "CYA mode" nor the statement that the pipes were "locked" at the time of trial justifies a reversal of the trial court's ruling on the question presented, the homeowners' third point is denied.

The judgment is affirmed.

PAUL M. SPINDEN, Judge, and LISA WHITE HARDWICK, Judge, concur.