

# Missouri Court of Appeals

## Southern District

### Division One

CHRISTOPHER SCOTT and )
JILL SCOTT, )
)
        Plaintiffs-Appellants, )
)
v. ) No. SD32972
) Filed: 9-22-14
SHELLEY SPEARS, )
)
        Defendant-Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable Mark E. Orr, Circuit Judge

### AFFIRMED

Christopher Scott (Scott) was a passenger in a bass boat driven by his uncle when it collided with a power boat driven by Shelley Spears. Scott's uncle was killed, and Scott was injured. Scott and his wife (hereinafter referred to as Plaintiffs) brought the underlying lawsuit against Spears (hereinafter referred to as Defendant) seeking damages for her alleged negligent operation of the power boat. The case was tried to a jury, and the jury found in favor of Defendant. Plaintiffs filed a motion for new trial. The only ground asserted in the motion was that the jury's verdict was against the weight of the

evidence. The trial court conducted a hearing on the motion, and it was denied by operation of law pursuant to Rule 78.06.[1] This appeal followed.

Plaintiffs' single point contends the trial court erred by denying the motion for new trial because the jury's verdict was against the weight of the evidence. Plaintiffs argue that we must review that ruling for an abuse of discretion. We disagree.[2]

Plaintiffs bore the burden of proving negligence, causation and damages. The evidence presented by Plaintiffs on those issues was not found persuasive by the jury. Having heard all of that same evidence, the trial court denied Plaintiffs' request for a new trial on the ground that the jury's verdict was against weight of the evidence.[3] Under such circumstances, Plaintiffs' point presents nothing for this Court to review. As we explained in **Woods v. Friendly Ford, Inc.**, 248 S.W.3d 699 (Mo. App. 2008):

> Hanson's second claim under Point I challenges the trial court's denial of his motion for new trial on the basis that the verdict is contrary to the undisputed facts from the trial, in that defendant Wise admitted striking Hanson, "and the undisputed slapping and grabbing [Hanson's] genitals would be presumed an offensive touching, and no reasonable juror could conclude that [Hanson] was not a victim of a battery[.]" Hanson, in the argument portion of his brief, characterizes this claim as an assertion that

---

[1] All references to rules are to Missouri Court Rules (2014).

[2] Plaintiffs cite **Stehno v. Sprint Spectrum, L.P.**, 186 S.W.3d 247 (Mo. banc 2006), to support that assertion. **Stehno** is factually distinguishable because it involved the much different situation in which the jury ruled against the party bearing the burden of proof, and the trial court *granted* a new trial on the ground that the verdict was against the weight of the evidence. *Id*. at 250. Our Supreme Court reviewed the grant of a new trial for a manifest abuse of discretion. *Id*.

[3] Plaintiffs suggest it is somehow significant that their motion was denied by operation of law after 90 days pursuant to Rule 78.06. They cite no authority for that argument, and we are aware of none. The trial court is presumed to know and be guided by the applicable rules of civil procedure. *See* **Lane v. Lensmeyer**, 158 S.W.3d 218, 224 (Mo. banc 2005). Therefore, we presume the trial court understood that it could either expressly deny the motion or simply allow it to be automatically denied by the passage of the requisite time period. We see no legally relevant distinction between those two modes of denying relief.

the verdict is against the weight of the evidence. We agree with that characterization and observe that as such it preserves nothing for appellate review. Weighing evidence remains a trial court function. "An appellate court cannot rule on the weight of the evidence in a jury-tried case." The trial court's denial of a motion for new trial challenging the verdict as against the weight of the evidence is a conclusive determination that cannot be overturned on appeal.

*Id*. at 705 (citations omitted).

The western district of this Court reached the same conclusion in ***Warren v. Thompson***, 862 S.W.2d 513 (Mo. App. 1993). There, the plaintiffs sued the defendants for their alleged negligence in causing an automobile collision. The jury found against the plaintiffs, who sought a new trial on the ground that the verdict was against the weight of the evidence. After that motion was denied, the plaintiffs appealed. The western district denied relief for the following reasons:

> The Warrens' sole point on appeal presents nothing for appellate review. The Warrens assert error in the trial court's denying them a new trial on the ground that the jury verdict was against the weight of the evidence. However, weighing evidence remains a trial court function. An appellate court cannot rule on the weight of the evidence in a jury-tried case. Reasons for this longstanding rule abound. The plaintiff bears the burden to prove that the defendant was negligent and that the injuries directly resulted from the defendant's negligence. When the plaintiff relies on evidence that is not legally conclusive, the defendant need not present evidentiary support and may rest on the plaintiff's failure to meet the burden of proof. The jury determines credibility. The trial court alone has discretion to grant or deny a motion for new trial on the ground that the verdict was against the weight of the evidence. The trial court's overruling a motion for new trial on that ground constitutes a conclusive determination that cannot be overturned on appeal.

*Id*. at 514 (citations omitted).

Citing ***Warren***, the western district again denied relief for the same reason in ***Desselle v. Complete Home Concepts, Inc.***, 211 S.W.3d 168 (Mo. App. 2007):

> [I]t is the rule that where the burden of proof is on the plaintiff who relies on oral testimony, or upon documentary testimony that is not legally conclusive, or a mixture of both, to establish all or some of the essential

elements of his cause of action a verdict in the defendant's favor is not required to have evidentiary support but rests upon a finding by the jury against the party having a burden of proof, and after the trial court exercises its discretion by overruling a motion for new trial, the appellate court, on the sole contention of abuse of discretion thereby, will not entertain the contention …. This appeal, in essence, stems from the homeowners' disagreement with the jury's determination that CHC was not at fault for the fire. The jury, however, was free to find "against the party having a burden of proof." Where, as here, the trial court, who has seen the evidence at trial, denies a motion for new trial on the ground that the verdict was against the weight of the evidence, that denial is "a conclusive determination that cannot be overturned on appeal."

*Id*. at 171-72 (citations omitted).

Plaintiffs' point is denied, and the judgment of the trial court is affirmed.

JEFFREY W. BATES, J. – OPINION AUTHOR

DANIEL E. SCOTT, J. – CONCUR

WILLIAM W. FRANCIS, JR., C.J./P.J. – CONCUR