Robin CRANE, Appellant,

v.

Robert DRAKE, Defendant Ad Litem
for Bobby C. Allinson, Deceased,
et al., Respondents.

Nos. WD 54023, WD 54024.

Missouri Court of Appeals,
Western District.

Feb. 3, 1998.

J. Kirk Rahm, Warrensburg, for Appellant.

James E. Baldwin, Lebanon, for Defendant Ad Litem/Respondent.

John Edmund Turner, Kansas City, Terry M. Evans, Trenton, for Respondent Crane.

Before SPINDEN, P.J., and LAURA DENVIR STITH and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

Robin Crane appeals the circuit court's judgment directing verdicts against her on her personal injury claims against her husband, Ronald K. Crane, and the defendant *ad litem* (the DAL) appointed for Bobby C. Allinson (the decedent). In addition, Mr. Crane appeals the circuit court's judgment directing a verdict against him on his cross-

claim for personal injuries against the DAL. The appeals have been consolidated pursuant to Rule 66.01.

Mrs. Crane advances two points on appeal. She claims that the trial court erred: (1) in granting the DAL's motion for a directed verdict on her personal injury claim against him because she made a submissible case of negligence; and (2) in granting Mr. Crane's motion for a directed verdict on her personal injury claim against him because she made a submissible case of negligence. In his sole point on appeal, Mr. Crane claims that the trial court erred in granting the DAL's motion for a directed verdict on his personal injury claim against him because he made a submissible case of negligence.

We reverse and remand.

### Facts

The evidence viewed in a light most favorable to the Cranes is as follows. *Mathis v. Jones Store Co.*, 952 S.W.2d 360, 365 (Mo. App.1997). In the early evening hours of November 24, 1993, a collision occurred on Missouri Highway 83 on the Big Pomme Bridge over Truman Lake just south of Warsaw in Benton County, Missouri. The collision involved a 1990 Ford Aerostar van operated by Ronald K. Crane and a disabled and stationary 1991 Ford Aerostar which had been operated by decedent, Bobby C. Allinson. Mrs. Crane was a passenger in the vehicle driven by Mr. Crane. Prior to the collision, the decedent and Mr. Crane had both been driving northbound on Highway 83. It was very cold, windy, and was misting. There was evidence that the decedent was aware that the conditions were right for the formation of ice, and that ice tended to form on bridges before it formed on other sections of the highway. The bridge was icy, and no gravel, salt or any other substance had been spread.

Prior to the collision between the vehicles of the decedent and Mr. Crane, the decedent had lost control of his van which skidded, leaving forty-eight feet of skidmarks, and struck the concrete guardrails on both sides of the bridge before coming to rest primarily in the southbound lane of traffic, blocking both lanes of traffic, where it remained until the collision with Mr. Crane's vehicle.

As Mr. Crane approached the south end of the bridge, but before his van actually entered onto the bridge, Mrs. Crane observed that there had been an accident on the bridge and mentioned it to him. Mr. Crane, who had been traveling about 55–60 miles per hour slowed down as he entered the bridge. As he approached, Mr. Crane saw the decedent's van stopped in the southbound lane and protruding a few feet into the northbound lane, with a couple of people standing nearby. There were no lights or flashers operating on the decedent's vehicle at this time.

After traveling a few hundred feet on the bridge, Mr. Crane applied his brakes, lost control of his van, crossed into the southbound lane of traffic, attempted to pump his brakes to regain control and then struck the left or west concrete guardrail and the back of the decedent's van. In doing so, Mr. Crane's vehicle left 150 feet of skidmarks. Because of the location of the decedent's van, there was insufficient room in the northbound lane for Mr. Crane to drive around it to avoid the collision. As a result of the collision between the two vehicles, although it is unclear how it occurred, the decedent was found dead in Truman Lake. Mr. Crane suffered a laceration to his eyelid and fractured three ribs on his left side, and Mrs. Crane suffered injuries to her neck, chest, ribs, shoulders, and wrists.

On August 17, 1994, Mrs. Crane filed a two-count petition to recover for the injuries she sustained in the collision between her husband's and the decedent's vehicles, wherein she alleged that her injuries were caused by the negligence of the decedent and Mr. Crane respectively. On November 28, 1994, Mr. Crane filed his answer to Mrs. Crane's petition wherein he denied that he caused her injuries. On November 30, 1994, the DAL filed his answer, wherein he denied that the decedent caused Mrs. Crane's injuries. He also filed a cross-claim against Mr. Crane which prayed for indemnification from Mr. Crane in the event judgment was entered against him on Mrs. Crane's claim. On the same day, Mr. Crane filed a cross-claim against the DAL, which prayed for indemnification in the event judgment was entered

against him for a percentage equal to decedent's relative fault. On December 7, 1994, Mr. Crane filed an answer to the DAL's cross-claim wherein he denied that he negligently operated his vehicle, and thus should not be made to indemnify the DAL. Mr. Crane also filed a second cross-claim against the DAL to recover for the injuries he sustained in the accident, wherein he alleged that the decedent caused his injuries by operating his vehicle in a negligent manner. On December 9, 1994, the DAL filed an answer to Mr. Crane's cross-claim for indemnification, wherein he stated he was without knowledge of the truth or falsity of Mr. Crane's allegations. On May 30, 1995, the DAL filed a reply to Mr. Crane's cross-claim for personal injuries wherein he denied that he was negligent in operating his vehicle on November 24, 1993.

On May 2, 1996, the case went to trial. At the close of Mrs. Crane's evidence, the DAL and Mr. Crane made motions for directed verdicts which the court sustained. Mr. Crane then introduced evidence on his cross-claim for personal injuries against the DAL. At the close of Mr. Crane's evidence, the DAL made a motion for a directed verdict as to Mr. Crane's cross-claim for personal injuries, which the court also sustained. The record reflects that neither Mr. or Mrs. Crane filed a motion for a new trial.

This appeal follows.

### Standard of Review

**Rule 78.07** requires that where a directed verdict is granted in a jury-tried case, any contention that the verdict was erroneously directed must be raised in a motion for new trial to be preserved for appellate review. *R.E. Denton, Inc. v. Spelman Memorial Hosp.*, 784 S.W.2d 810, 813 (Mo.App. 1990); *Brouk v. Brueggeate*, 849 S.W.2d 699, 702 (Mo.App.1993). Because the record here reflects that neither Mr. or Mrs. Crane filed a motion for new trial, their claims that the trial court erred in directing verdicts against them were not preserved for appeal. However, **Rule 84.13(c)** provides that

[p]lain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or

preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom.

Thus, we review here for plain error only.

In an appeal challenging a directed verdict in favor of a defendant, we review to determine whether a submissible case was made by the plaintiff. *Mathis*, 952 S.W.2d at 365. In determining whether a submissible case is made, we view the evidence and all reasonable inferences therefrom in the light most favorable to the claimant's case and disregard all evidence to the contrary. *Id.* Each and every element essential to establish the liability of a defendant must be supported by substantial evidence. *Id.* at 366. In this regard, substantial evidence is competent evidence from which a trier of fact can reasonably decide the case. *Id.* "Liability cannot rest upon guesswork, conjecture, or speculation beyond inferences that can reasonably decide the case." *Id.* (quoting *Garrett v. Overland Garage & Parts, Inc.*, 882 S.W.2d 188, 191 (Mo.App.1994)). And, if one or more of the elements of a cause of action are not supported by substantial evidence, a directed verdict is proper. *Id.* However, a directed verdict is a drastic action and should only be granted if reasonable persons could not differ as to the outcome of the case. *Gamble v. Bost*, 901 S.W.2d 182, 185 (Mo. App.1995). If a claimant makes a submissible case on any theory pleaded, it would be plain error affecting substantial rights resulting in a manifest injustice or a miscarriage of justice for the court to direct a verdict against him or her. *Trimble v. Sipes*, 506 S.W.2d 353, 356 (Mo.banc 1974); *R.E. Denton, Inc.*, 784 S.W.2d at 813; *Meyer v. Thornhill*, 879 S.W.2d 786, 787 (Mo.App. 1994).

### Mrs. Crane's Appeal

#### I. Claim Against the Defendant *ad litem*

In her first point, Mrs. Crane alleges that the trial court erred in granting the DAL's motion for a directed verdict on her personal injury claim against him because she made a submissible case of negligence. For her personal injury claim against the DAL, Mrs. Crane alleged in her petition that the dece-

dent was negligent in four respects: (1) that his vehicle was on the wrong side of the road; (2) that his vehicle was stopped in a lane reserved for moving traffic; (3) that he drove his vehicle at a speed too fast for conditions; and (4) that he failed to adequately warn Mr. Crane or others that his vehicle was stopped on and was obstructing the highway. Thus, the issue for us to decide is whether Mrs. Crane made a submissible case of negligence against the DAL on any of the four bases asserted in her petition. *Meyer*, 879 S.W.2d at 787.

■ In order to have made a submissible case of negligence as to the DAL, Mrs. Crane must have established with substantial evidence that: (1) the decedent had a legal duty to conform to a certain standard of conduct to protect her and others against unreasonable risks of injury; (2) that this duty was breached; (3) the breach was the direct and proximate cause of her injuries; and (4) she suffered actual damages as a result. **MAI 17.02 [1980 Revision];** *Kuhn v. Budget Rent–A–Car of Missouri, Inc.*, 876 S.W.2d 668, 672 (Mo.App.1994). As to the elements of negligence, the DAL contends that the trial court was correct in granting his motion for a directed verdict in that there was insufficient evidence to show that: (1) the decedent breached a duty owed to Mrs. Crane; and (2) even assuming, *arguendo,* that there was a breach, it was not the proximate cause of her injuries. Thus, we must determine whether Mrs. Crane made a submissible case of negligence as to the elements of breach and proximate cause. In making this determination we will first examine her allegation that the decedent was negligent in that he drove his vehicle at an excessive speed for the conditions.

■ The existence of a duty is a question of law for the trial court. *Williams v. City of Independence*, 931 S.W.2d 894, 896 (Mo.App.1996). The breach of a duty is a question of fact, which is ordinarily an issue for the jury to decide. *Hollis v. Blevins*, 927 S.W.2d 558, 564 (Mo.App.1996). The operator of a motor vehicle has a duty to drive his vehicle in a careful and prudent manner exercising the highest degree of care so as to not endanger the property or the life or limb

of another, and is negligent if he fails to do so. § 304.010.1, RSMo 1994; *Hansen v. James*, 847 S.W.2d 476 (Mo.App.1992), *overruled on other grounds by Rodriguez v. Suzuki Motor Corp.*, 936 S.W.2d 104 (Mo.banc 1996). The "highest degree of care" is defined as "that degree of care that a very careful person would use under the same or similar circumstances." MAI 11.01 [1996 Revision]; *Hansen*, 847 S.W.2d at 481. This duty of one motorist to another is breached if the "[d]efendant drove at a speed which made it impossible for him to stop within the range of his visibility." MAI 17.19 [1969 New]; § 304.010.1, RSMo 1994; *O'Neal v. Pipes Enterprises, Inc.*, 930 S.W.2d 416 (Mo. App.1995). "Where excessive speed is submitted, the evidence need only show that the motorist was driving at a speed which, under the circumstances, prevented the party from avoiding the collision...." *Braniecki v. Mound City Yellow Cab Co., Inc.*, 861 S.W.2d 683, 686 (Mo.App.1993). "Whether a particular speed is high, dangerous, or excessive depends on the conditions of the highway and surrounding circumstances." *Id.* at 685. Thus, in determining whether Mrs. Crane made a submissible case of negligence for excessive speed, we must determine whether she adduced evidence demonstrating that the decedent was operating his motor vehicle at a speed which prevented him from avoiding the collision between his vehicle and the decedent's, given the conditions at the time of the accident.

■ In determining whether a submissible case of negligence was made as to the element of a breach of duty, we must view the evidence viewed in a light most favorable to Mrs. Crane. *Mathis*, 952 S.W.2d at 365. Furthermore, in examining this evidence, we are mindful of the fact that "direct, specific proof of causal connection between excessive speed and injury is unnecessary" to establish a submissible case. *Calvert v. Super Propane Corp.*, 400 S.W.2d 133, 139 (Mo.banc 1966). In this regard, "excessive speed may be proved by circumstances, and skidding, when combined with surrounding circumstances, may be sufficient to justify the inference of a high and dangerous rate of speed." *Id.*; *see Dorrell v. Moore*, 504

S.W.2d 174 (Mo.App.1973) (holding that despite the fact that defendant was driving within the posted speed limit, his speed was excessive for the conditions, which included heavy fog, and thus he breached his duty to use the highest degree of care in that his range of visibility was limited by the surrounding circumstances); *Hill v. Boling*, 523 S.W.2d 867 (Mo.App.1975) (stating that the resting place of the defendant's vehicle is a factor which the jury can use to find excessive speed); *Calvert*, 400 S.W.2d at 141 (holding that a submissible case on excessive speed was made when the surrounding circumstances were that the road was icy and the defendant's vehicle slid when he applied his brakes).

■ As to the decedent's alleged breach of duty as to excessive speed, the evidence most favorable to Mrs. Crane is as follows. *Mathis*, 952 S.W.2d at 365. On the night of the accident, it was very cold and misting with ice on the bridge. There was evidence that the decedent was aware before his vehicle reached the bridge, that ice tended to form on bridges before other sections of the highway, and that the conditions that evening were right for ice to form. While on the bridge, the decedent lost control of his van, which skidded forty-eight feet before striking the concrete guardrails on both sides of the bridge and coming to rest primarily in the southbound lane of traffic, blocking both lanes of traffic, where it remained until the collision with Mr. Crane's vehicle. There was also favorable evidence to Mrs. Crane that other vehicles, which arrived on the scene later, were able to come to a stop without losing control or skidding on the ice.

The reasonable inference from the evidence favorable to Mrs. Crane is that it was icy on the bridge on the night in question, and that the decedent was aware or should have been aware of such, yet he continued to drive at a speed which prevented him from avoiding skidding on the ice and crashing into both guardrails, disabling his vehicle and blocking both lanes of traffic. It is also reasonable to infer that a person exercising the highest degree of care would not have lost control of his vehicle on the icy bridge. From the evidence and the reasonable infer-

ences therefrom, a reasonable jury could conclude that if the decedent had been operating his van at a lesser speed, he would have been able to keep his vehicle under control and would not have struck both guardrails, leaving it disabled and blocking both lanes of traffic. As such, a reasonable jury could conclude that the decedent was operating his motor vehicle at a speed too fast for the conditions and that his conduct fell below the required standard of the highest degree of care. Thus, we find that Mrs. Crane made a submissible case as to a breach of duty on her claim for negligence for excessive speed against the DAL. Having found that Mrs. Crane made a submissible case as to breach, we must next address the DAL's contention that Mrs. Crane failed to make a submissible case as to the negligence element of proximate cause.

■ The DAL contends even if the decedent was negligent in that he drove at a speed too fast for the conditions, his excessive speed was not the proximate cause of the collision between the decedent's vehicle and Mr. Crane's. We disagree. "The test for proximate cause is whether, after the incident, it is apparent that the injury is a reasonable and probable consequence of the act or omission of the defendant." *Peterson v. Summit Fitness, Inc.*, 920 S.W.2d 928, 936 (Mo.App.1996). In this regard, "the negligence of the defendant need not be the sole cause of the injury . . . . [i]t is sufficient that it be one of the efficient causes thereof, without which the injury would not have resulted." *Patrick v. Alphin*, 825 S.W.2d 11, 13 (Mo.App.1992). Furthermore, "[a] party may be held liable if his negligence, combined with the negligence of others, results in an injury to another." *Id.* In determining whether a submissible case has been made on the element of proximate cause, " '[i]t is sufficient if the facts proved are of such a nature and are so connected and related to each other, that the conclusion [that the injury resulted] therefrom may be fairly inferred.' " *Love v. Baum*, 806 S.W.2d 72, 73 (Mo.App.1991) (quoting *Watt v. St. Louis Public Service Company*, 354 S.W.2d 889, 891–93 (Mo.banc 1962)).

Here, the evidence as to the proximate cause of the collision between the vehicles viewed in the light most favorable to Mrs. Crane, as discussed, *supra*, reveals that the first accident left the decedent's vehicle positioned so as to effectively block both lanes of traffic on the bridge, preventing Mr. Crane from driving around the decedent's disabled vehicle in the northbound or southbound lanes and thereby avoid the collision. Thus, the collision between the vehicles was a reasonable and probable consequence of the decedent's negligence. From this it may be fairly and reasonably inferred that the excessive speed of the decedent contributed to the cause of the collision between the vehicles of the decedent and Mr. Crane, thereby establishing a submissible case as to the decedent's excessive speed being the proximate cause of the collision between his vehicle and Mr. Crane's.

In summary, we find that Mrs. Crane did make a submissible case of negligence against the DAL in that there was substantial evidence to support a submission of negligence for excessive speed. Because we find that Mrs. Crane made a submissible case on at least one theory of negligence pled, excessive speed, we find the trial court erred in sustaining the DAL's motion for a directed verdict on Mrs. Crane's claim against him for personal injuries. *Meyer*, 879 S.W.2d at 787. As such, we need not address whether she made a submissible case for negligence against decedent in any other respect alleged in her petition. *Id.*

## II. Mrs. Crane's Claim against Mr. Crane

In her second point on appeal, Mrs. Crane alleges that the trial court erred in granting Mr. Crane's motion for a directed verdict on her personal injury claim against him because she made a submissible case of negligence. For her personal injury claim against Mr. Crane, Mrs. Crane alleged in her petition that Mr. Crane was negligent in two respects: (1) that he drove his vehicle at a speed too fast for conditions; and (2) that he failed to keep a careful lookout. Mr. Crane claims that he did not breach his duty to Mrs. Crane to use the highest degree of care in operating his motor vehicle in that his speed was not excessive for the conditions, and he kept a careful lookout. Thus, the issue for us to decide is whether Mrs. Crane made a submissible case of negligence against Mr. Crane in either respect asserted in her petition.

With regard to Mrs. Crane's claim that Mr. Crane drove his vehicle at a speed too fast for the conditions, the evidence viewed in a light most favorable to her shows that it was very cold and misting, with ice on the bridge. Furthermore, the evidence reflects that Mrs. Crane told Mr. Crane before he entered onto the bridge that she saw something stopped ahead. When he finally noticed the decedent's vehicle blocking both lanes of traffic on the bridge, he attempted to apply his brakes and began to slide on the ice, crossing the center line and striking the decedent's vehicle in the southbound lane, leaving 150 feet of skidmarks in the process. There was also evidence that other vehicles, which arrived on the scene later, were able to come to a stop without losing control or skidding. Based upon our discussion in Point I, *supra*, Mrs. Crane obviously made a submissible case of negligence against Mr. Crane in that he knew or should have known that there was ice on the bridge, he had been put on notice that there was a stationary object ahead on the ice-covered bridge, and yet he continued at a normal rate of speed. Had he driven his vehicle at a lesser speed, it is reasonable to infer that he would have not have lost control of his vehicle and could have avoided the collision with decedent's vehicle, and he was therefore negligent as to the collision between the vehicles.

In summary, we find that Mrs. Crane made a submissible case against Mr. Crane in that there was substantial evidence to support a submission of negligence for excessive speed. Because we find that Mrs. Crane made a submissible case on at least one theory of negligence pleaded, excessive speed, we find the trial court erred in sustaining Mr. Crane's motion for a directed verdict. *Meyer*, 879 S.W.2d at 787. As such, we need not address whether she made a submissible case for negligence against Mr.

Crane as to his alleged failure to keep a careful lookout.  *Id.*

### Mr. Crane's Appeal

### III.  Mr. Crane's Claim Against the Defendant *ad litem*

In his cross-claim for personal injuries against the DAL, Mr. Crane alleges that the trial court erred in granting the DAL's motion for a directed verdict because he made a submissible case of negligence.  For his claim against the DAL, Mr. Crane alleged in his petition that the decedent was negligent in four respects:  (1) that his vehicle was on the wrong side of the road;  (2) that his vehicle was stopped in a lane reserved for moving traffic;  (3) that he drove his vehicle at a speed too fast for conditions;  and (4) that he failed to adequately warn Mr. Crane or others that his vehicle was stopped on and was obstructing the highway.  Thus, the issue for us to decide is whether Mr. Crane made a submissible case against the DAL for negligence on any of the four bases asserted in his petition.

The grounds upon which Mr. Crane asserts decedent was negligent mirror the grounds upon which Mrs. Crane asserted decedent was negligent in her claim, as discussed *supra*, in Point I. Because we have already decided that there was substantial evidence which supported a submissible case on the negligence of decedent for driving his vehicle at an excessive speed, we need not revisit the issue again.  Thus, for the same reasons stated in Point I, we find the trial court erred in sustaining the DAL's motion for a directed verdict on Mr. Crane's cross-claim against the DAL for personal injuries.

### Conclusion

The grant of directed verdicts by the trial court is reversed and the cause is remanded for a new trial.

All concur.