**LORIMONT PLACE, INC., Appellant,**

v.

**JERRY LIPPS, INC., et al., Respondent.**

No. ED 98455.

Missouri Court of Appeals, Eastern District, Southern Division.

June 25, 2013.

Kevin B. Spaeth, Cape Girardeau, MO, for appellant.

Richard K. Kuntze, Cape Girardeau, MO, for respondent.

ROBERT M. CLAYTON III, Judge.

Lorimont Place, Inc.[1] ("Lorimont Place") appeals the trial court's judgment granting directed verdict in favor of Jerry Lipps, Inc. and Ruth Lipps, as trustee of The Ruth W. Lipps Voluntary Trust Agreement of August 27, 1991 ("the Trust") (collectively, "Respondents"). We reverse and remand.

## I. BACKGROUND

At issue is a commercial property located at 3920 Nash Road, Cape Girardeau, Missouri ("the property"). Prior to 2004, the property was owned by spouses Ruth Lipps and Jerry Lipps, but in 2004, they transferred the property to the Trust. The 2004 deed of transfer identified both Jerry Lipps and Ruth Lipps as co-trustees

---

1. Although the suit was filed in the name of Lorimont Place, Inc., the correct name is Lorimont Place, Ltd. The trial court granted Lorimont Place's motion to conform the pleadings to the evidence.

for the Trust. Doug Lipps is the son of Ruth Lipps and Jerry Lipps, and throughout the events at issue in this suit he represented the interests of his family as the agent of Jerry Lipps and of Ruth Lipps as trustee.[2] Ruth Lipps empowered Doug Lipps as her representative to handle leases for the property.

In March 2007, Doug Lipps signed a listing agreement with Lorimont Place to sell or lease the property. He signed the agreement as "Doug Lipps for Jerry Lipps." The listing agreement provided that Lorimont Place would receive a seven percent commission of the sale price or of the lease revenue "on all rentals to be received for extensions and renewals of the lease term, and for enlargement or substitution of the leased premises, when same occur, if ever, during the first five years of the tenant's occupancy." The listing agreement identified Jerry Lipps as the owner of the property and failed to disclose any reference to the trust or his trustee status. Sometime between the listing agreement and the start of any lease, Jerry Lipps died.

In February 2008, Bootheel Food Bank, also known as Southeast Missouri Food Bank, ("the Food Bank") signed a one-year lease for the property ("2008 lease"). Ruth Lipps participated in the lease negotiations. The 2008 lease identified Jerry Lipps, Inc.—a trucking company owned by Jerry Lipps during his lifetime—as the landlord, and Doug Lipps signed the 2008 lease as Jerry Lipps, Inc. However, rent checks from the Food Bank were paid to the Trust. The 2008 lease referenced the listing agreement and the commission due thereunder. Jerry Lipps, Inc. wrote the commission checks to Lorimont Place for the duration of the 2008 lease.

In April 2009, the Food Bank renegotiated its lease for the property ("2009 lease"). The 2009 lease identified the Trust as the owner of the property and did not provide for commission owned to Lorimont Place. Doug Lipps signed the 2009 lease identifying himself as trustee for the Trust. Lorimont Place received no commission payments under the 2009 lease.

Lorimont Place filed suit against Jerry Lipps, Inc. and Ruth Lipps as trustee, asserting it entered into the listing agreement with Doug Lipps as agent for Jerry Lipps, and thus by extension, Defendants Jerry Lipps, Inc. and the Trust. Accordingly, the Trust owed commission to Lorimont Place under the terms of the listing agreement for the 2009 lease, which was an extension or renewal of the 2008 lease. At the jury trial, the trial court granted Respondents' motion for a directed verdict at the close of Lorimont Place's case, stating, "[Lorimont Place] failed to make a submissible case against any of the Defendants to this action under any theory alleged in [Lorimont Place's] most recent pleadings. None of the Defendants were parties to the Listing Agreement[,] which is the only basis for [Lorimont Place's] claim for commissions due." The court accordingly entered judgment in favor of Respondents. This appeal follows.

## II. DISCUSSION

### 1. Standard of Review

 We review the trial court's grant of a motion for directed verdict for whether the plaintiff made a submissible case.

2. Respondents contend on appeal that Lorimont Place failed to establish an agency relationship between Doug Lipps and Ruth Lipps, but the record does not support this assertion. Rather, in its answer to Lorimont Place's Second Amended Petition, Respondents admitted both that "Doug Lipps was acting as an agent for [ ] Ruth Lipps as trustee" and "Doug Lipps was acting as agent for Jerry Lipps."

*Am. Family Mut. Ins. Co. v. Coke,* 358 S.W.3d 576, 579 (Mo.App. E.D.2012). Directing a verdict is a drastic measure, and the reviewing court makes a presumption in favor of reversing the trial court's judgment sustaining a motion for directed verdict. *Ray v. Wisdom,* 166 S.W.3d 592, 595 (Mo.App. E.D.2005). "To make a submissible case, a plaintiff must present substantial evidence for every fact essential to liability. Substantial evidence is that which, if true, has probative force upon the issues, and from which the trier of fact can reasonably decide the case." *Blue v. Harrah's North Kansas City, LLC,* 170 S.W.3d 466, 472 (Mo.App. W.D.2005) (citation omitted). We review the evidence and all reasonable inferences therefrom in the light most favorable to the plaintiff and disregard all evidence to the contrary. *Am. Family Mut. Ins.,* 358 S.W.3d at 579. Whether evidence is substantial and whether inferences are reasonable are questions of law, which we review de novo. *Id.*

▮ An action for breach of contract includes the following essential elements: (1) the existence and terms of a contract; (2) that the plaintiff performed under the contract; (3) breach of contract by the defendant; and (4) damages suffered by the plaintiff. *Keveney v. Mo. Military Acad.,* 304 S.W.3d 98, 104 (Mo. banc 2010). To make a submissible case for breach of contract, a plaintiff must first establish the existence of a mutual agreement between the parties. *Viacom Outdoor, Inc. v. Taouil,* 254 S.W.3d 234, 238 (Mo.App. E.D. 2008). At issue here is whether named defendants Jerry Lipps, Inc. and Ruth Lipps as trustee were parties to the contract via an agency relationship with Doug Lipps, signatory of the contract.

## 2. Agency Relationship

In its first point on appeal, Lorimont Place argues the trial court erred in finding Respondents were not a party to or bound by the listing agreement. Rather, Lorimont Place contends Doug Lipps was acting as the agent for the owners of the property when he executed the listing agreement and Respondents accepted and ratified the listing agreement through their actions. Because Lorimont Place presented substantial evidence from which a jury could reasonably decide each fact essential to liability, we agree Lorimont Place made a submissible case.

▮ An agent who enters into a contract without disclosing his agent status or who discloses his agent status but not the identity of the principal is considered an agent for an undisclosed principal and can be personally liable on the contract. *K.O. Real Estate, LLC v. O'Toole,* 291 S.W.3d 780, 791 (Mo.App. E.D.2009) (citation omitted). However, where an agent acting with actual authority makes a contract on behalf of an undisclosed principal, the principal is also a party to and liable under the contract. Restatement (Third) of Agency § 6.03 (2006). Under those circumstances, either the agent of the undisclosed principal or the undisclosed principal—but not both—may be held liable, depending upon the plaintiff's preference. *Orrock v. Crouse Realtors, Inc.,* 823 S.W.2d 40, 42 (Mo.App. E.D.1991). It is the agent's duty to disclose the actual identity of the principal, and the vendor is not required to ascertain the agency relationship or the identity of the principal. *Corporate Interiors, Inc. v. Randazzo,* 921 S.W.2d 124, 126–27 (Mo.App. E.D.1996).

▮ We consider, first, whether Lorimont Place made a submissible case as to Ruth Lipps as trustee for the Trust.[3] To

---

3. We note Lorimont Place did not assert, be- low or on appeal, Ruth Lipps's liability as

answer this question, we must first answer five sub-questions: (1) was Ruth Lipps a trustee for the Trust at the time of the listing agreement; (2) does a trustee have the power to enter the trust property into a lease; (3) can trustees delegate their duties to an agent; (4) was Doug Lipps an agent for Ruth Lipps; and (5) did Ruth Lipps delegate the leasing authority to Doug Lipps. We answer each question in the affirmative.

First, the record showed the property was transferred to the Trust in 2004. The general warranty deed explicitly listed Ruth Lipps and Jerry Lipps as trustees of the Trust. There was no evidence to suggest the property was transferred again during the relevant time period. Thus, it is clear that Ruth Lipps was a trustee of the Trust at the time of the 2007 listing agreement. Second, a trustee's powers over the trust property include all powers that "an unmarried competent owner has over individually owned property," and a trustee is specifically authorized to "enter into a lease for any purpose as lessor or lesee." Sections 456.8–815, 456.8–816(9) RSMo (Cum.Supp.2004). Third, as a general rule, trustees are entitled to delegate to an agent duties and powers that a prudent trustee could property delegate under the circumstances. Section 456.8–807 RSMo (Cum.Supp.2004). Fourth, Doug Lipps was the agent of Ruth Lipps. Respondents admitted in response to Lorimont Place's second amended petition that "Doug Lipps was acting as an agent for [ ] Ruth Lipps as trustee," and Doug Lipps testified in his deposition, which was admitted at trial, that he was acting "as agent for the family." Fifth, Ruth Lipps stated Doug Lipps was her representative regarding the leases on the property and

he had been empowered to handle all matters relating to the leases.

■ Thus, we return to the question of whether Lorimont Place made a submissible case as to Ruth Lipps as trustee for the Trust. Initially, the trustee is the proper party against whom the suit may be filed and judgment entered. *McBee v. Gustaaf Vandecnocke Revocable Trust,* 986 S.W.2d 170, 172 (Mo. banc 1999). Here, the listing agreement was signed only by "Doug Lipps for Jerry Lipps." Even though her name did not appear on the document, Ruth Lipps can be liable as a trustee even as an undisclosed principal if she, as the legal owner of the trust property, authorized her agent, Doug Lipps, to sign the listing agreement.

The evidence showed that Doug Lipps (who was the agent for Ruth Lipps as trustee and was specifically authorized by her to enter into leases on the property) contacted Lorimont Place to sell or lease the property. Doug Lipps and Lorimont Place then entered into the listing agreement, which contained a provision mandating a seven percent commission on any lease entered into and on extensions thereof for five years. Thereafter, the Food Bank signed a one-year lease to rent the property.

From these facts, a jury could reasonably conclude there was a contract between Lorimont Place and Ruth Lipps as trustee, based on the undisclosed agency relationship between Ruth Lipps as trustee and Doug Lipps. A reasonable jury could find that Ruth Lipps's statement that she authorized Doug Lipps to handle all matters related to leasing the property included his decision to hire Lorimont Place as a broker for the property, and

trustee stemmed from actions taken by Jerry Lipps in his capacity as co-trustee for the Trust.

thus his decision to enter into the listing agreement with Lorimont Place. Accordingly, if Doug Lipps was acting with actual authority from Ruth Lipps as trustee, she was bound, in her capacity as a trustee for the Trust, by the contract entered into by her agent, even though she was not disclosed to Lorimont Place as a principal. *See* Restatement (Third) of Agency § 6.03; *Orrock,* 823 S.W.2d at 42. If Ruth Lipps, as a trustee for the Trust, entered into the listing agreement through her agent, then she was the proper party against whom to bring suit. Thus, the trial court erred in its judgment granting directed verdict on the basis that Lorimont Place could not make a submissible case against any of the named parties.

 Second, we consider whether Lorimont Place made a submissible case regarding Jerry Lipps, Inc. Like Ruth Lipps as trustee, Jerry Lipps, Inc. was not a signatory on the leasing agreement that Lorimont Place is seeking to enforce. Unlike Ruth Lipps as trustee, there was no evidence presented of an agency relationship between Doug Lipps and Jerry Lipps, Inc. Doug Lipps testified that he was the agent "for the family," not the business. Without evidence of an agency relationship, Doug Lipps's signature cannot bind Jerry Lipps, Inc. to this listing agreement. Although Lorimont Place argues Jerry Lipps, Inc. ratified the acts of Doug Lipps by issuing commission checks to Lorimont Place, ratification falls within the context of agency law, and there was no evidence here of an agency relationship. Thus, we find Lorimont Place failed to make a submissible case for breach of contract, because Jerry Lipps, Inc. was not a party to the listing agreement. *See Viacom Outdoor, Inc.,* 254 S.W.3d at 238.

Nevertheless, because Lorimont Place did make a submissible case for breach of contract as to Ruth Lipps as trustee, the trial court's grant of directed verdict was in error. Lorimont Place's first point on appeal is granted. Because the first point on appeal is dispositive, we do not discuss the second point.

### III. CONCLUSION

The judgment of the trial court is reversed and remanded for further proceedings in accordance with this opinion.

GARY M. GAERTNER, JR., C.J. and ROBERT G. DOWD, JR., J., concur.