**Antonio WEBB, Jr., Appellant,**

v.

**Ronica M. ADAMS, Respondent.**

**ED 104954**

Missouri Court of Appeals,
Eastern District,
DIVISION THREE.

Filed: August 22, 2017

Farris E. Spencer, 523 North Laclede Station Road, Suite 116, St. Louis, MO 63119, for appellant.

Margaret L. Fowler, 211 North Broadway, Suite 2700, St. Louis, MO 63102, for respondent.

Gary M. Gaertner, Jr., Presiding Judge

### Introduction

Antonio Webb, Jr. (Webb) appeals from the judgment of the trial court entering a directed verdict in favor of Ronica M. Adams (Adams) in Webb's negligence action arising from a motor vehicle collision. On appeal, Webb asserts the directed verdict was improper because he made a submissible case for Adams' negligence. We reverse and remand for a new trial in accordance with this opinion.

### Background

Webb and Adams were involved in a motor vehicle accident on April 13, 2011. Webb filed a petition for damages asserting Adams was negligent in that she: (1) operated her vehicle at an excessive speed, (2) failed to keep a careful lookout, (3) failed to yield, and (4) failed to slow down, stop, swerve, or sound a warning. Webb asserted that as a direct result of Adams' actions, he both suffered permanent injuries to his body for which he incurred medical expenses and lost wages, and incurred expenses associated with the damage to his vehicle. Adams denied Webb's allegations of negligence and asserted as an affirmative defense that Webb's injuries were caused in whole or in part by his own carelessness and negligence.

At trial, Webb introduced the following evidence, viewed in the light most favorable to Webb.[1] Webb admitted Adams' deposition testimony in which she testified that she was stopped in the left-turn lane on New Halls Ferry Road waiting to turn left across the intersection. Her light was green, but she did not have a green arrow,

1. Am. Fam. Mut. Ins. Co. v. Coke, 358 S.W.3d 576, 579 (Mo. App. E.D. 2012).

which she understood to mean "proceed with caution" or yield. She saw an oncoming vehicle pull out of a gas station and approach the intersection, but the vehicle pulled into the opposite left-turn lane and stopped. Because the oncoming car was stopped, she decided to make her left turn across New Halls Ferry. As she "was proceeding to turn," she noticed "at the last minute" the oncoming vehicle veer into the intersection. She applied her brakes, but she was not able to stop in time and her vehicle struck the oncoming vehicle on the mid-rear driver's side.

Webb testified he exited a QuikTrip car wash and merged into the center/left-turn lane heading southbound at the intersection of New Halls Ferry Road and Dunn Road by the 270 interstate. He then merged from the left-turn lane into the through lane and stopped at the red light. When the light turned green, he "went to proceed" straight through the intersection. He did not remember Adams' vehicle colliding with his. He woke up in the hospital with neck, head, and back pain. The next day, he secured the services of his attorney, who referred him to Dr. Doumit. Dr. Doumit treated Webb for headaches, dizziness, and pain in his neck, mid back, and low back. Webb introduced exhibits documenting the damage to his vehicle.

Webb admitted several portions of his medical records from the hospital where he was taken immediately after the accident, detailing his injuries. Hospital records indicated Webb reported he was traveling at 20-30 miles per hour when the accident occurred, but Webb introduced no evidence of Adams' speed. Webb admitted an exhibit showing that various medical providers had billed him $22,734.60, and the amount necessary to satisfy those providers was $16,621.50.

At the close of Webb's evidence, Adams moved for a directed verdict, arguing that Webb failed to adduce evidence of any negligence by Adams that could have caused the accident, in that Webb testified he did not remember the accident at all and Adams' deposition testimony did not establish negligence. Webb responded that he had set forth sufficient evidence to make a submissible case for negligence in that he testified he was driving straight through the intersection, and Adams testified in her deposition that she was turning left in an intersection where she was required to yield. Webb argued his evidence was sufficient to establish Adams' negligence causing the accident and his subsequent injuries. The trial court granted Adams' motion and entered judgment in her favor. Webb filed a motion for new trial, which the trial court denied. This appeal follows.

### Standard of Review

██ We review the trial court's grant or denial of a motion for directed verdict for whether the plaintiff made a submissible case. Am. Fam. Mut. Ins. Co. v. Coke, 358 S.W.3d 576, 579 (Mo. App. E.D. 2012). Whether the plaintiff made a submissible case is a question of law that we review de novo. Id. To make a submissible case, the plaintiff must present substantial evidence tending to prove the facts essential to recovery, and if the plaintiff fails to do so, then the defendant is entitled to a directed verdict. Id. We view the evidence and all reasonable inferences in the light most favorable to the plaintiff and disregard all contrary inferences. Id. "If reasonable minds can draw different conclusions from the facts, a directed verdict is not proper." Saunders v. Baska, 397 S.W.3d 44, 47 (Mo. App. W.D. 2013) (citation omitted).

### Discussion

██ In his sole point on appeal, Webb argues the trial court erred in directing a

verdict in favor of Adams at the close of Webb's evidence because he presented substantial evidence of Adams' negligence, in that Adams turned left and struck Webb's vehicle when she did not have the right-of-way, she failed to take measures to avoid the accident, and her argument of Webb's comparative fault served as an admission of negligence. We agree.

To make a submissible case for negligence, Webb had the burden to present substantial evidence tending to establish that (1) Adams had a legal duty to conform with a certain standard of conduct to protect others against unreasonable risks of injury, (2) Adams breached this duty, (3) Adams' breach was the proximate cause of Webb's injuries, and (4) Webb suffered actual damages. See Crane v. Drake, 961 S.W.2d 897, 901 (Mo. App. W.D. 1998). Whether the defendant had a legal duty is an issue of law, while whether the defendant breached this duty is a question of fact. Id. If Webb made a submissible case on any cause of action pleaded, then a directed verdict was not proper. Saunders, 397 S.W.3d at 48. Here, Webb pleaded Adams was negligent in: (1) operating her vehicle at an excessive speed, (2) failing to keep a careful lookout, (3) failing to yield, and (4) failing to slow down, stop, swerve, or sound a warning, The trial court granted a directed verdict on all four theories, and Webb appeals on the theories of failure to yield the right-of-way and failure to swerve or sound a warning.[2] We reverse on the issue of failure to yield the right-of-way and grant a new trial on all issues, and thus it is unnecessary to address any other issue raised on appeal.

The right-of-way means "the right of one vehicle to proceed ahead of another." Saunders, 397 S.W.3d at 48 (citation omitted). Section 304.351.3 provides that the driver of a left-turning vehicle within the intersection must yield the right-of-way to a vehicle approaching from the opposite direction when the approaching vehicle "is within the intersection or so close thereto to constitute an immediate hazard." Section 304.351.3, RSMo. (cum. supp. 2016). Webb argues that the evidence showed he was "in the intersection" when Adams struck him, and therefore, Adams, as a driver of a left-turning vehicle, failed to comply with her duty to yield to approaching vehicles under Section 304.351.3. Adams concedes that she had a duty to yield to oncoming traffic but asserts that because both parties agreed Webb was stopped at the intersection, he was not an "approaching vehicle," and thus she was not required to yield to him under Section 304.351.3.

Here, the law is clear that the left-turning vehicle must yield to an approaching vehicle that is in the intersection or so close as to present an immediate hazard. Whether Adams breached this duty is a question of fact, and unless no reasonable minds could draw different conclusions from the facts, the issue should be for the jury to decide. See Saunders, 397 S.W.3d at 47; Crane, 961 S.W.2d at 901.

Viewing the evidence in the light most favorable to Webb, immediately prior to the accident, Webb and Adams were both stopped at the intersection: he was idling in the through-lane waiting for his red light to turn green, and she was looking for an opportunity to turn left across the

---

**2.** To the extent Webb includes arguments in his Argument section that Adams was traveling at an excessive speed or failed to keep a careful lookout, because he did not include those arguments in his point relied on, they are considered abandoned and we do not consider them. Rule 84.04(e); Scheck Indus. Corp. v. Tarlton Corp., 435 S.W.3d 705, 724 n.13 (Mo. App. E.D. 2014).

intersection. Webb's light turned green and he accelerated into the intersection at 20-30 miles an hour, while around the same time Adams started to turn left across the intersection. Adams testified she did not notice Webb enter the intersection until "the last minute" when it was too late to stop, and her vehicle collided with the mid-back driver's side of his vehicle. It is not clear from this evidence who accelerated first, and a jury could reasonably infer from this evidence that Webb was already in the intersection when Adams initiated her left turn, which would have breached her duty to yield the right-of-way under Section 304.351.3. Because there was sufficient evidence for a jury to have reasonably concluded Adams breached her duty to yield the right-of-way causing Webb's damages, Webb made a submissible case for negligence that should have been sent to the jury for them to weigh the evidence and the respective credibility of the witnesses. See Coke, 358 S.W.3d at 579 (directed verdict was improper when plaintiff made submissible case by adducing substantial evidence tending to prove facts essential to recovery); Burke v. Moyer, 621 S.W.2d 75, 79-80 (Mo. App. W.D. 1981) (whether defendant breached duty of care in failing to yield under circumstances presented was "for the jury to decide").

Moreover, as to Adams' argument that Webb was not an "approaching vehicle" under Section 304.351.3, we disagree. Webb was stopped in the through-lane at a red light,[3] but once it turned green he had the right-of-way to accelerate into the intersection, and Adams had a legal duty to let Webb cross the intersection first. See Section 304.281.1(a) (granting right-of-way

to vehicles proceeding straight through green light). The evidence was that both Webb and Adams were stopped at the intersection; when Webb's light turned green he accelerated straight through the intersection; and because Adams was also accelerating into a left turn across the intersection at the same time, she collided with his vehicle. As we noted previously, the record is not clear as to who entered the intersection first, and thus the record was likewise not clear as to whether Webb was in fact "approaching" when Adams initiated her turn. In the face of this uncertainty, the question of whether Adams breached her duty to yield to an approaching vehicle in the intersection was a contested question of fact for the jury to decide. Crane, 961 S.W.2d at 901 (whether defendant breached existing legal duty of care is question of fact for jury). Webb made a submissible case for negligence and the trial court erred in granting a directed verdict.

Point granted.

## Conclusion

The judgment of the trial court is reversed and remanded for a new trial on all issues in accordance with this opinion.

Robert M. Clayton III, J., concurs.

Angela T. Quigless, J., concurs.

---

**3.** Again, for the purposes of reviewing the trial court's grant of a directed verdict, we view the evidence in the light most favorable to Webb. Had the case gone to the jury, the jury could believe or disbelieve Webb's testimony that he was stopped in the through-lane when the light turned green.